1. Insurance—Life Policy—Parties Entitled to Proceeds.

Where a life policy was payable to the executor, administrator, or assigns of insured, and provided that payment might be made to any person appearing to the insurer to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured for burial or other purpose, the husband of the insured, who was neither her executor, administrator, nor assign, could not recover on the policy, though he had paid her funeral expenses, amounting to as much as the policy.

2. Estoppel—Change of Position.

A letter from the insurer to the husband, stating that his claim would be paid, did not estop the insurer, since the husband did nothing and lost nothing in reliance thereon.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Estoppel, § 142.]

3. Insurance—Right to Proceeds—Waiver of Provisions of Policy.

The letter did not confer any rights on the husband by way of waiver.

Appeal from City Court of New York, Trial Term.

Action by Umberto Ferretti against the Prudential Insurance Company of America.  From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, plaintiff appeals.  Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

William O. Campbell, for appellant.

Charles O. Smith, for respondent.

SCOTT, P. J.  The plaintiff's wife, now deceased, was the holder of a policy for a small sum in the defendant corporation.  The policy provided that, in case of death, payment should be made "unto the executors, administrators, or assigns of the insured, unless settlement shall be made as provided in article second under the head of 'Provisions' below."  The "Article Second" thus referred to provided that:

"The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to appear to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose; and the production by the company of a receipt, signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully paid."

It will thus be seen that the persons primarily entitled to payment are the personal representatives or assigns of the deceased policy holder, with an option to the company, however, to make payment to others under certain circumstances.  The provision for the payment to persons other than the executors, administrators, or assigns, being wholly optional with the company, creates no legal liability on the part of the company toward those others, and merely provides a defense to the company against the claims of the executors, administrators, and assigns, if, but not unless, it has elected to make payment to the other persons named in the article second.  The plaintiff was neither the ex-

ecutor, administrator or assign of his deceased wife. He had, however, paid her funeral expenses, amounting to as much as was due upon the policy, and after her death he furnished proofs of loss, and made a claim for the amount due upon the policy. In reply he received a letter from defendant, reading in part as follows:

"We hand you herewith statement of policy mentioned below, and beg to inform you that on January 24, 1903, the claim was approved for amount specified, which you should receive promptly and without deduction."

Upon this state of facts, a verdict was directed in favor of plaintiff; it apparently being considered that the foregoing letter in some way entitled him to receive the amount of the policy. We think that it is perfectly clear that, up to the time of the receipt of the foregoing letter, plaintiff had no legal enforceable claim against the defendant. He was undoubtedly a person to whom the company might, at its option, have made payment, in derogation of any claim by an executor, administrator, or assign; but whether it would make payment to him or not remained optional with the defendant. In what way did the letter affect the status of the parties? It was not a contract to pay plaintiff, for it lacked consideration. It did not create an obligation resting upon estoppel, because the plaintiff did nothing and lost nothing in consequence of the letter and in reliance thereon. At the most, it can only be regarded as the announcement by the company of its intention to exercise its option in plaintiff's favor; an intention which it might recall at any time before actual payment. Something was said in the court below, and much is said upon the plaintiff's brief, to the effect that the letter operated as a waiver of some condition. We are unable to appreciate the force of this contention.

Upon the question whether payment should be made to this plaintiff or another there was nothing to be waived. The letter might be held to be a waiver of any defect in the proofs of loss, or of some other possible defense if defendant sought to avoid payment to any one; but that case is not presented. The defendant does not question its liability to some one. It simply says that it is optional with it whether or not it shall pay to plaintiff, and that it refuses to do so. In taking this position, it seems to be within its legal rights.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.