ous, the court having given a wrong judgment when it had jurisdiction, the relator can only have relief by appeal.

It cannot be said that the court could not under any circumstances or upon any state of facts have pronounced the judgment. People ex rel. Tweed v. Liscomb, 60 N. Y. 570, 19 Am. Rep. 211; People ex rel. Devoe v. Kelly, 32 Hun, 538. In the case last cited, upon appeal to the Court of Appeals (97 N. Y. 212) the judgment was held void and the prisoner discharged. In the case at bar, the County Court had power to sentence to imprisonment in a state prison, and therefore the judgment pronounced is not void, even though the term be excessive, but is erroneous and voidable. Upon appeal, where an erroneous judgment has been entered upon a lawful verdict or finding of fact, the appellate court has power to correct the judgment. Code Crim. Proc. § 543.

For these reasons, I am of the opinion that it cannot be held in this proceeding that the judgment of the County Court is void, and that the law and practice neither permits nor requires that a final order be made remanding the relator to the custody of the respondent, to the end that a proper judgment be imposed, but that the remedy of the relator is by appeal.

Writ dismissed, and relator remanded to the custody of the warden and sheriff.

---

### NOLAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

1. INSURANCE (§ 583*)—RIGHT TO PROCEEDS—CONSTRUCTION OF POLICY.

Where a policy of life insurance is payable to the executors, administrators, or assigns of the insured, plaintiff, who took the insured, her cousin, into her home at the age of six years and took out the policy in question, paying the premiums, is not entitled to recover the proceeds of the policy, not being a member of either of the classes named.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 583.*]

2. INSURANCE (§ 583*)—RIGHT TO PROCEEDS—CONSTRUCTION OF POLICY.

A clause in a life policy providing that the company may make any payment provided for in the policy to any relative by blood or connection by marriage of the insured, or to any person appearing to be equitably entitled to it by reason of having incurred expense on behalf of the insured, though giving the company a right to pay to the person who had taken out the policy and paid the premiums, and who had cared for the insured in her home, does not require such payment, so that it can be compelled by the court.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 583.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Mary Nolan against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

William O. Campbell, for appellant.

Joshua Haberman, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

BURR, J.  This is a very hard case for plaintiff, and the defense is a most unconscionable one.  Apparently a woman in humble circumstances and of limited education, in March, 1907, she took into her home a child named Josephine Curtin, who was her cousin, and was a little more than six years of age.  The child's mother was dead.  Her father was living, but after leaving his child with plaintiff he disappeared, and for a time plaintiff did not know where he was.  Plaintiff supported the child until the latter's death on October 22, 1909, giving to her not only maintenance and clothing while she was in health, but providing medical care and attendance while she was ill.  During the time that the child was with plaintiff, her father contributed nothing to her support.  In October, 1907, plaintiff took a policy of insurance issued by defendant company, paying out of her own pocket the premiums therefor, amounting to five cents a week, with apparent promptness, down to the date of the death of Josephine Curtin.  In accordance with the provisions of the policy $120 would be due thereon at the time of such death if the terms and conditions of the policy had been fulfilled.  After presenting a proof of claim, to the form of which no objection seems to have been made, upon defendant's refusal to pay this action was brought, and from a judgment entered in plaintiff's favor this appeal is taken.

We do not see how this action can be maintained.  The rights of the parties are fixed by the terms of the contract.  Under that, the sum due in case of death is payable, not to plaintiff, who under the circumstances might have had an insurable interest in the life of the child, but to "the executors, administrators, or assigns of the insured," Josephine Curtin.  Plaintiff is not one of the parties described.  It may be that by reason of her payment of the premiums on the policy, under the circumstances disclosed in this case, she would have an equitable lien upon the proceeds thereof (Morgan v. Mutual Benefit Life Ins. Co., 132 App. Div. 455, 116 N. Y. Supp. 989); but this is not such an action.

There is a clause in the policy which reads as follows:

"The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured, for his or her burial or for any other purpose; and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Although this clause might give to the defendant an opportunity, which, it would seem, it should welcome, to pay to plaintiff the small sum which came due under this policy, it has chosen to stand on its strict legal rights.  The clause last above quoted is one with which defendant may comply, but it cannot be compelled to do so.  Ferretti v. Prudential Ins. Co., 49 Misc. Rep. 489, 97 N. Y. Supp. 1007.

The judgment appealed from must be reversed, and a new trial ordered, without costs.  All concur.