Anna Tarasowski, Plaintiff, *v.* The Prudential Insurance Company of America, Defendant.

(Supreme Court, Erie Special Term, October, 1920.)

Insurance (industrial)— payment of death benefit to wife instead of representative of deceased.

> Where an industrial insurance company in good faith elects to pay the death benefit called for by a policy issued by it to one other than the representative of the estate of the insured, such payment will be a defense against subsequent claims of such representative.   (P. 251.)

A policy of life insurance issued by defendant was payable to the executors or administrators of the estate of the insured unless payment was made under a clause of the policy which provided that payment might be made " to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial." In an action brought by the widow of the insured, the defendant contended that as by the terms of the policy the death benefit was payable only to an administrator, the plaintiff as an individual had no cause of action. The evidence on the trial was to the effect that defendant's agent at the time he wrote the policy promised plaintiff that in the event of her husband's death the insurance would be paid to her. No administrator was ever appointed. The plaintiff paid the premiums and the funeral expenses. *Held,* that a motion for a new trial after a verdict directed for plaintiff must be denied.

*Shea* v. *United States Industrial Ins. Co.,* 23 App. Div. 53, followed.

MOTION for a new trial.

Louis Goldring, for plaintiff.

Roland Crangle, for defendant.

WHEELER, J.   This is a motion for a new trial. The court directed a verdict for the plaintiff. The action is to recover on a policy of insurance issued by the defendant. The policy was upon the life of plaintiff's husband, and was made payable to the executors or administrators of his estate, '' unless payment be made under the provisions of the next succeeding paragraph ''— known as the '' facility of payment '' clause, which provided the insurance company might '' make any payment * * * to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred ex-

pense on behalf of the insured, for his or her burial,''
etc.

. The evidence given on the trial is to the effect that
at the time the policy was obtained, the agent of the
defendant writing the same promised the plaintiff that
the amount of the policy in the event of her husband's
death would be paid to her. That she in fact paid the
premiums and the funeral expenses. No administra-
tor of the estate was ever appointed. The defendant
contends that by the terms of the policy the death
benefit is only payable to an administrator, and the
plaintiff individually has no cause of action.

The plaintiff relies on the case of *Shea* v. *United
States Industrial Ins. Co.*, 23 App. Div. 53, as sustain-
ing her right to recover, where the terms of the policy
were substantially the same as in this case, and where
at the time of delivering the policy it was represented
that the plaintiff would be the beneficiary if she con-
tinued to hold the policy and pay the premiums up to
the time of the insured's death.

In the *Shea* case the court held that these represen-
tations operated as a present election by the company
to exercise in her favor the option given to it by the
provisions of the policy known as the '' facility of
payment clause.''

The defendant here, however, contends that subse-
quent decisions of the courts of this and other states
have so modified and overruled the *Shea* case that
a different rule must be applied in this action. De-
fendant's counsel cites among other decisions the
following as upholding his contentions: *Nolan* v.
*Prudential Ins. Co.*, 139 App. Div. 166; *Ferretti* v.
*Prudential Ins. Co.*, 49 Misc. Rep. 489; *Heubner* v. *Met-
ropolitan Life Ins. Co.*, 146 Ill. App. 282; *Prudential
Ins. Co.* v. *Godfrey*, 75 N. J. Eq. 484; 72 Atl. Repr. 456;
affd., 77 N. J. Eq. 267; 76 Atl. Repr. 1067; *Marzulli* v.

*Metropolitan Life Ins. Co.,* 79 N. J. L. 271; 75 Atl.
Repr. 473.

From these and other cases we may deduce the fol-
lowing propositions that under policies of this char-
acter, while industrial insurance companies may
make payments to others than the representatives of
the estate of the insured, the policy does not require
such payment, and no action can be maintained on
them except by representatives of the estate (same
cases as above cited). When, however, the insurance
company in good faith elects to make such payment
to others than the representative of the estate of the
insured, such payment will be a defense against the
subsequent claims of the representative. *Cohen* v.
*Hancock Mut. Life Ins. Co.,* 135 App. Div. 776;
*Thompson* v. *Prudential Life Ins. Co.,* 119 id. 666;
*Wokal* v. *Metropolitan Life Ins. Co.,* 53 id. 167.

The question still remains whether the promise
made to the plaintiff at the time she took out the policy
on her husband's life, that the amount of the policy
would be paid to her in the event of his death, did not
in fact amount to an election on the part of the com-
pany to make her the beneficiary, and whether she
having herself paid the premiums until his death can-
not avail herself of that promise to maintain an action
on the policy for the amount payable. It was so held
in *Shea* v. *Prudential Ins. Co.,* 23 App. Div. 53, and
held that the company could not, under such circum-
stances, in good conscience, repudiate its promise. It
will be noted that in this case the evidence established
the promise to pay the plaintiff in consideration of her
paying the premiums which she did. In the *Shea* case
the court said that the promise to pay the party pro-
curing the policy and paying the premiums " *had the
force of a present election upon part of the company
to exercise the option in this regard in favor of the*

*plaintiff. This does not change or vary the terms of the policy; it is an agreement in addition thereto, and entirely consistent therewith, which may rest in parol and be enforced according to its terms.''*

We do not understand that this doctrine has been modified or overruled by any decision, at least by any decision of the courts of this state.

In the case of *Nolan* v. *Prudential Ins. Co.,* 139 App. Div. 166, the plaintiff took out a policy on the life of a child, who became an inmate of her family. She paid the premiums and supported the child. The father contributed nothing. The amount of the policy was made payable to the administrator or executor. There was no proof, however, that the insurance company ever promised the plaintiff the proceeds of the policy. There was, therefore, not only an absence of an agreement to do so, but also absence of any election to make payment to her, and consequently the court properly held that as matter of law the plaintiff was not entitled to recover.

In the case of *Ferretti* v. *Prudential Ins. Co.,* 49 Misc. Rep. 489, there was also an absence of any promise to pay.

In the cases above cited from other states there appears to have been no promise to pay any particular person upon the taking out of the policy, which distinguishes *Shea* v. *Prudential* from all the other cases.

We, therefore, reach the conclusion that the later cases of *Nolan* v. *Prudential Ins. Co.* and *Ferretti* v. *Prudential Ins. Co.* do not overrule the *Shea* case, and that until the *Shea* case is overruled this court should follow it.

Consequently the motion for a new trial must be denied.

Motion denied.