ROGERS *v.* THE METROPOLITAN LIFE INSURANCE CO.

*Life insurance—Beneficiary not designated—Facility-of-payment clause—Personal representative entitled to proceeds or sue.*

The amount payable under an insurance policy of the industrial class designating no beneficiary but containing a facility-of-payment clause that the company may make payment "to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to same," becomes personal property of the estate upon the death of insured and passes to the personal representative, subject to the company's rights under the facility-of-payment clause, and only the personal representative can enforce the payment by suit.

(Decided March 20, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. J. M. Smedes* and *Mr. A. Lee Beatty,* for plaintiff in error.

*Messrs. Mallon & Vordenberg* and *Mr. Harry E. Marble,* for defendant in error.

HAMILTON, P. J.   Plaintiff in error, Martha Jane Rogers, brought suit in the superior court of Cincinnati, alleging, in substance, that she is the widow of Henry H. Rogers, deceased, who carried an insurance policy in The Metropolitan Life Insurance Company, defendant in error; that the amount due on the policy was $228; that she contracted for the funeral expenses of her husband; that the only legal heir was one son, who had relinquished his interest in the policy in her favor; and that the company has not paid and refuses to pay the policy.   She

asks judgment for the amount of the policy in her favor.

The policy is of the industrial class, and desig-nates no beneficiary. The policy contains the following facility-of-payment clause:

"The company *may* make any payment or grant any non-forfeiture privilege provided herein to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

The insurance company demurred to the petition on the ground that the plaintiff had no legal capacity to sue. This raises the legal question as to who is entitled to collect the proceeds of the policy by suit.

Defendant in error contends that the proceeds of the policy, unless distributed at the option of the company under the facility-of-payment clause, is personal property of the estate, and only the personal representative of the estate can enforce the payment by suit.

Plaintiff in error relies on the case of *Lentz, Exr.,* v. *Fritter*, 92 Ohio St., 186, as supporting her right to maintain this action. The case of *Lentz* v. *Fritter* does not support the contention of plaintiff in error, for the reason that that was a case involving fraternal insurance, which is controlled by special statutes pertaining to that class of cases, which des-

ignates the class of persons who may be benefici-
aries. Further, the policy in the *Lentz case* desig-
nated the beneficiary specifically.

We are of opinion that under the terms of the
policy in question the amount payable thereunder,
upon the death of the insured, became the personal
property of the estate, and passed to the personal
representative, subject, however, to the right of the
company to be released from all liability upon the
payment, as provided in the facility-of-payment
clause, and the production of the proper receipt
therefor. This view is supported by the case of
*Ryan* v. *Rothweiler*, 50 Ohio St., 595. There, the
beneficiary named in the policy died before the de-
cease of the insured, and the court held that the
named beneficiary having failed the proceeds of the
policy reverted to and became a part of insured's
estate to be administered, and that the administra-
tor of insured's estate was entitled to collect the
proceeds.

It is a well-settled rule of law that the adminis-
trator is the only person entitled to maintain an
action to recover on a chose in action due the estate.
The main question here has not been before the
courts of this state. It has been passed upon by
the courts of many states, and the weight of author-
ity is as laid down in the case of *Lewis* v. *Metropol-
itan Life Insurance Co.*, 178 Mass., 52, wherein the
court holds:

"A provision in a life insurance policy, that upon
proof of death of the insured the company may pay
the amount due under the policy to any relative by
blood or connection by marriage of the insured or
to any other person appearing to be equitably en-
titled to such payment by reason of having incurred

expense on behalf of the insured or for his or her burial, does not enable a person of one of the classes described to sue on the policy, and such suit can only be maintained by the executor or administrator of the insured."

In the case of *Nolan* v. *Prudential Ins. Co.,* 123 N. Y. Supp., 688, the court laid down the same rule, and states:

"Although this clause might give to the defendant an opportunity, which, it would seem, it should welcome, to pay to the plaintiff the small sum which came due under this policy, it has chosen to stand on its strict legal rights."

This language seems pertinent here, and it would seem that the company might have in this action submitted the receipt of payment, if payment has been made under the facility-of-payment clause, which would be a complete discharge of the company. Or, if not paid, the company could have made payment as provided in the facility-of-payment clause and taken such receipt as a full discharge, thereby settling the matter without compelling the expense of administration to secure the benefit of the small amount provided for in the policy. But, the company chooses to stand on its strict legal rights, and the law seems to be well settled that the action to compel payment must be brought by the personal representative of the estate.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.