CHARLES STEBER, Respondent, v. THE PALM KNITTING Co., INC., Appellant.

First Department, November 2, 1923.

Sales — action to recover damages for failure to deliver — evidence — letters written by plaintiff to defendant but not answered are inadmissible in behalf of plaintiff — arguments of counsel — improper for counsel to ask opposing counsel who objected to question "what are you worrying about?"

In an action to recover damages for the failure to deliver goods alleged to have been purchased by the plaintiff from the defendant in which the defense pleaded was that a contract to deliver was not made, letters written by the plaintiff to the defendant which recognized and stated that the contract had been made but which were not answered by the defendant are self-serving declarations and are not admissible in plaintiff's behalf.

It is improper for counsel for one party to ask the counsel for another party when he makes an objection to a question, "what are you worrying about?"

APPEAL by the defendant, The Palm Knitting Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of December, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of December, 1922, denying defendant's motion for a new trial made upon the minutes.

*Harold R. Lhowe* [*Emanuel A. Obstfeld* with him on the brief], for the appellant.

*Robert Jablin* [*C. Arthur Jensen* with him on the brief], for the respondent.

SMITH, J.:

The action was brought to recover damages for failure of the defendant to deliver certain merchandise which it is claimed the defendant agreed to deliver to the plaintiff consisting of some silk neckties. The defense asserted is that the defendant did not agree to make such deliveries, but that a memorandum was made out for goods which the defendant was to deliver in case it should find itself able to deliver the same and should desire so to do. The parties here do not question that the issue was properly presented to the jury whether the orders made were accepted by the defendant under such circumstances as created an obligation for them to deliver, or whether they were accepted as what are called " open orders " to be delivered at any time the defendant found itself able and willing so to do. The jury found for plaintiff.

In the charge of the court the defendant's contention was stated as follows: " The defendant contends that the first was

not a contract in fact; that the plaintiff was continually coming after goods and they could not deliver them, but, at any rate, that is not the contract now in existence, that whatever was done on April 5th was undone on June 9th, a little more than two months later, when the 150 dozen was reduced to 110 dozen and certain deliveries made. You know what the testimony was, of course; it is for you to say just what the transactions were, what binding contracts or contract existed, if any."

As against the objection of the defendant, the plaintiff was allowed to put in evidence two letters, Exhibits 4 and 5, written by the plaintiff to the defendant, which recognized and stated that a contract had been made, and also contained criticisms of the defendant as to its manner of doing business. These letters were not answered by the defendant and in fact the defendant swears that they were not received. It is well recognized that a letter written by one party to another, not answered, is not competent evidence in the case as against the party to whom it was written, but is only a self-serving declaration, by which the other parties cannot in any way be bound. This rule is a most reasonable rule, because otherwise a party could pile up evidence by continually writing letters stating facts which, although not true, might be held to be evidence against the other party unless he sat down and answered every letter thus written. The admission of these letters in evidence not answered, and bearing only upon the main question submitted to the jury, as to whether a valid contract was made, was clearly error, for which this judgment must be reversed.

There are other grounds claimed by the defendant for reversal of the judgment. The claim is made that the court unduly emphasized the right of a party to the " profits " of his transaction, which bore upon the question which was actually submitted, as to whether the contract was extended so that the breach could be deemed as of the time when the difference between the market and the actual price was greatest. It is claimed that whatever corrections were made by the trial judge upon subsequent requests failed to remove from the minds of the jurors the impression that had been so strongly conveyed to them, that any party is entitled to the profits of his transactions.

It is further claimed that the trial counsel for the plaintiff was guilty of unprofessional conduct to the prejudice of the defendant. In one case in responding to an objection made by the defendant's counsel, wherein the plaintiff's counsel asked him " what are you worrying about? " Such conduct on the part of counsel is highly reprehensible. It does not conform to the orderly trial of an action, and could only lead either to the prejudice of the adversary'r

case, or a rejoinder equally disorderly which would not present a dignified spectacle in the Supreme Court of the State. We are of the opinion that the judgment must be reversed, because of the improper admission in evidence of these letters which are merely self-serving declarations of the plaintiff.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.