RAIMONDO MALULO, Respondent, v. RESOLVED CORPORATION, Appellant.— Judgment reversed upon the law and new trial granted, with costs to the appellant to abide the event. It was error for the court to exclude the claim filed with the Workmen's Compensation Commission. While it is a general rule that the mere contents of a written instrument claimed to have been executed by a certain person are not sufficient evidence of the fact of execution, it appears here that the person who, it is claimed, executed the instrument was unable to sign his name and the contents of the instrument are solely referable to that person. In such case the instrument should be admitted as some proof of its execution by that person. Here, if the instrument had been admitted, it, and the denial of plaintiff that he executed it, would have raised a question of fact for the jury. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

CHARLES E. MANNING, as Administrator, etc., of CLARENCE F. MANNING, Deceased, Appellant, v. MAY RAYMOND SMITH, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

FRANK MARONNA and JOSEPH MARONNA, Appellants, v. ISIDOR E. SCHLESINGER, JOSEPH LANDE and HENRY J. KRINSKY, Respondents.— Order striking cause from preferred calendar affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

BERGELIAT MATHIASEN, Respondent, v. CONRAD MATHIASEN, Appellant.— Judgment modified so as to permit defendant to see the children and have their custody every Sunday from nine o'clock A. M. until six o'clock P. M., and by reducing the amount of alimony to the sum of thirty-five dollars per week; and as so modified unanimously affirmed, without costs. No opinion. Rich, Jaycox, Young, Kapper and Lazansky, JJ., concur.