ANNA GRABOWSKI, as Administratrix, etc., of JOSEPH GRABOWSKI, Deceased, Plaintiff, *v.* JULIA LOTKO, Defendant.

County Court, Niagara County, February 11, 1930.

*Tuttle, Rice & Stockwell*, for the plaintiff.

*Watts, Hunt & Findlay*, for the defendant.

GOLD, J. On the 15th day of October, 1923, the Prudential Insurance Company of America issued what is known as an " Industrial Policy " on the life of Joseph Grabowski, now deceased. The plaintiff is the mother of the deceased and defendant is a cousin of deceased.

After the death of Joseph Grabowski, his mother, the plaintiff, was appointed administratrix of his estate by the Surrogate's Court of Niagara county. Thereafter she commenced an action against the insurance company and the said company interpleaded the defendant and deposited the sum of $516.16 with the treasurer of the county to the credit of this action.

The action was tried in this court, which must determine whether Julia Lotko, who paid the insurance premiums for a period of 125 weeks at the rate of thirty cents per week, is entitled to the proceeds, or whether the mother, Anna Grabowski, administratrix of the estate of Joseph Grabowski, deceased, is entitled to these proceeds by virtue of her office and relationship, and the fact that she is the mother of deceased, and that she has paid for the funeral, or obligated herself to pay the same.

At the time of the issuance of this policy, plaintiff, individually, had insurance on the life of her son amounting to about $2,000. Defendant paid all the premiums on the policy involved in this action and contends that plaintiff refused to take out any insurance on her son in addition to what she already had. She contends that these matters were talked over at the time of the issuance of this policy and that it was the understanding between the

decedent, the insurance company and herself that in case of death of decedent, she would receive the proceeds of the policy.

Plaintiff claims that a life insurance company cannot be compelled by an action at law to pay the amount of a policy to any party other than the beneficiary and that the insurance company cannot be compelled to make payment to this defendant under a clause in the policy providing that the company may make payment to any relative of the insured who appears to be equitably entitled thereto.

This policy like other industrial policies has a " Facility of Payment " provision on the back of the policy. Said provision provides as follows: " It is understood and agreed that the said Company may make any payment or grant any non-forfeiture provision provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial, or, if the Insured be more than fifteen years of age at the date of this Policy, for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The insurance company did not elect to make payment under this clause, and when the plaintiff commenced her action, the company elected to interplead and pay the money into court, whereupon this defendant was brought into the action.

" Although this clause might give to the defendant an opportunity which, it would seem, it should welcome, to pay to plaintiff the small sum which came due under this policy, it has chosen to stand on its strict legal rights. The clause last-above quoted [Facility of Payment clause] is one with which defendant may comply, but it cannot be compelled to do so." (*Nolan* v. *Prudential Insurance Company*, 139 App. Div. 166.)

Defendant contends that this court has jurisdiction to reform the contract of insurance to make it express the agreement between the parties. She further claims that the issuing of the policy in its present form by the insurance company under the circumstances had the force of a present election upon its part to exercise the option therein contained in favor of defendant.

In support of her contention the defendant relies upon the holding in the case of *Shea* v. *United States Industrial Insurance*

*Company* (23 App. Div. 53) which latter case is supported in a decision by Mr. Justice WHEELER of this district in *Tarasowski* v. *Prudential Insurance Company of America* (113 Misc. 248).

It is apparent from the wording of these decisions that there were express promises of the latter insurance companies to pay to particular persons upon the death of decedents. With such an agreement as a part of the evidence in the case, the court (in 113 Misc. 248) states: " In the *Shea* case the court said that the promise to pay the party procuring the policy and paying the premiums ' had the force of a present election upon the part of the company to exercise the option in this regard in favor of the plaintiff. This does not change or vary the terms of the policy; it is an agreement in addition thereto, and entirely consistent therewith, which may rest in parol and be enforced according to its terms.' We do not understand that this doctrine has been overruled by any decision, at least by any courts of this State."

In the present case I find no testimony bearing out the claim that a positive agreement was made between the insurance company and the defendant to pay the proceeds of the policy to the defendant upon the death of decedent.

There is no question but that she took out the policy, expecting that the money would be paid to her, but I find no such positive agreement made.

Consequently the case at issue is in point with the decision handed down in 139 Appellate Division, 166, and the plaintiff is entitled to recover.

However, the defendant should recover from the estate the amount of premiums advanced by her, together with interest thereon.

Let judgment be entered accordingly.