In the Matter of the Estate of THOMAS A. REINIGER, Deceased.

Surrogate's Court, Albany County, May 23, 1934.

*O'Connell & Aronowitz* [*Stanton Ablett*, of counsel], for the petitioner.

*Howard J. Reilly*, for the respondent.

ROGAN, S. This is a discovery proceeding brought by Mildred A. Naulty Reiniger, the widow and administratrix of the estate of the decedent, for the purpose of securing possession of the proceeds of certain moneys paid by the Prudential Insurance Company of America to respondent, Arthur Reiniger, a brother of decedent, on a certain policy of insurance on the life of decedent. The facts so far as pertinent are as follows: On December 20, 1926, the respondent made application through the local agency of the Prudential Insurance Company of America for insurance upon the life of his brother, Thomas A. Reiniger. The company thereupon issued policy No. 69168057, which was in force at the time of the death of decedent on May 25, 1932. It was the usual industrial form policy and contained the usual facility of payment clause. On June 4, 1932, the company paid the sum of $1,871.10 to the respond-

ent under the facility of payment clause of the policy, there being no named beneficiary. The respondent had possession of said policy of insurance from the date of its delivery down to the time he surrendered it to the company after the death of decedent. It is uncontradicted that all of the premiums were paid by the respondent herein.

Rolland Morris, the agent who wrote the insurance, testified that at the time the respondent made application to the company for insurance, he told him that in the event of the death of his brother, Thomas A. Reiniger, the proceeds of the policy would be paid to him, and he also stated that he informed the deceased that his brother, the respondent herein, was desirous of obtaining insurance upon his life, and that the deceased expressed his willingness that such policy should issue " as long as he didn't have to pay it." Subsequent to the issuance of the above-mentioned policy the petitioner and deceased married, but they resided together only a short time thereafter, and were separated at the time of his death.

The petitioner claims that she, as administratrix of the estate of decedent, is entitled to the proceeds of the policy less the amount of premiums and funeral expenses actually paid by the respondent. Letters of administration were issued on February 15, 1933.

I cannot agree with such contention. It seems entirely apparent from the record that the purpose with which the policy was first taken out was for his own, respondent's, benefit and protection. The testimony of the agent Morris, who represented the company, shows conclusively that the deceased signed the application with the understanding that the proceeds would be paid to the respondent. He also testified that at the time he solicited the business from the respondent he told him " the policy would be paid to him, inasmuch as he was taking the policy and was to pay the premiums." Coupled with the fact that he paid the premiums, retained the policy, and fulfilled his part of the agreement regarding the submission of proof of death, the company paid him the proceeds of the policy. The promise on the part of the insurance company to pay the party procuring the policy and paying the premiums, constitutes an election on the part of the company to designate a certain person the beneficiary under the policy. (*Shea* v. *United States Industrial Insurance Co.*, 23 App. Div. 53; *Tarasowski* v. *Prudential Insurance Co. of America*, 113 Misc. 248; *Matter of Dickman*, 142 id. 207.) The court in *Tarasowski* v. *Prudential Insurance Co. of America* (*supra*) states: " In the *Shea* case the court said that the promise to pay the party procuring the policy and paying the premiums ' had the force of a present election upon part of the company to exercise the option in this regard

in favor of the plaintiff. This does not change or vary the terms of the policy; it is an agreement in addition thereto, and entirely consistent therewith, which may rest in parol and be enforced according to its terms.' We do not understand that this doctrine has been * * * overruled by any decision, at least by any * * * courts of this state."

It would seem on equitable grounds alone that it would be unjust and unfair to compel a brother who had provided a livelihood for a younger brother, and who has paid the necessary expenses for his proper burial, to pay the proceeds of an insurance policy which he had procured upon the life of such brother, to the administratrix of the estate who had neither contributed in any manner towards the payment of any premiums on the policy, and who did not even know of its existence.

On the authorities stated I find that the estate of this decedent has no interest in the policy of insurance here in question, and the proceeding is, therefore, dismissed. Enter decree accordingly.