SARAH KASHDAN, Also Known as SARRY KASHDAN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant, and MAX KASHDAN and PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Defendants, Impleaded, Respondents.

Supreme Court, Appellate Term, First Department, January 15, 1937.

*Tanner, Sillcocks & Friend* [*Edward T. Post* of counsel], for the appellant.

*Gellman & Gellman* [*Samuel Gellman* of counsel], for the respondent Max Kashdan.

*Daniel Rose* [*Rodney K. Frazee* of counsel], for the respondent Sara Kashdan.

*Weller, Rogers, Bergen & Rochford* [*C. Ellis Schiffmacher* of counsel], for the respondent President and Directors of the Manhattan Company.

PER CURIAM. This is an action to recover surrender value of three industrial policies issued on the lives of minor children. The application for such insurance was signed by the plaintiff, the mother of the children, who paid all the premiums. The policies provide for payment of the proceeds in the event of death to the legal representatives of the insured. They also provide for payment of an endowment at the end of twenty years and for a surrender value of the policies in the interim. No person is designated to receive the endowment or the surrender value. The policies provide only that surrender value will be paid upon the written application made on blanks furnished by the company and upon surrender of the policies and premium receipt book. The policies also contain the usual facility of payment clause.

The last designated clause permits defendant to pay the one equitably entitled to the proceeds but does not compel it to make such a payment. It would not, therefore, authorize this suit by plaintiff (*Nolan* v. *Prudential Ins. Co.*, 139 App. Div. 166) in the absence at least of a binding election to pay her. (*Shea* v. *United States Industrial Ins. Co.*, 23 App. Div. 53.)

After the policies had been in effect for several years, the company was advised of the desire to surrender same. It delivered a blank application for surrender to the plaintiff and accepted same from her, signed by her only. It also received from her the policies and the premium receipt book. It thereupon executed a check to plaintiff's order and that of the oldest of the insured children. It later developed that the plaintiff's husband had obtained the proceeds of such check by indorsing plaintiff's name without her knowledge or consent. After several years elapsed this suit was brought to recover the surrender value.

Defendant now contends that the husband was paid under the facility of payment clause. In our opinion such contention is untenable. Defendant attempted to pay plaintiff, not her husband. Our view is that what occurred amounted to an effective election to recognize plaintiff as the one entitled to receive surrender value.

In any event, aside from the question of election, the acts of the company amounted to a practical construction of the contract in favor of the plaintiff as the one authorized to receive such surrender value. This suit was, therefore, properly maintained by plaintiff.

Judgment affirmed, with twenty-five dollars costs.

LEVY and CALLAHAN, JJ., concur; LYDON, J., dissents, with opinion.

LYDON, J. (dissenting). I am unable to concur in the result reached by a majority of the court.

As I view the case, the policies are not susceptible of any other construction than that all their benefits are payable only to the insured, unless the company elects to pay them to others under the facility of payment clauses. Hence, the supposed practical construction of the policy is irrelevant.

Assuming that in 1931 the company did elect to make payment under the facility of payment clauses (although its check was drawn to the joint order of the mother and one of the insured), that intention was frustrated by the action of the father, who wrongfully procured payment to himself. I do not understand on what theory that election could be held irrevocable and so support the present action brought in 1936. No such theory was suggested in the complaint or on the trial or in the briefs of counsel.

So much of the judgment as is in favor of plaintiff against the insurance company should be reversed and the complaint as to it dismissed on the merits, with costs.