BARBARA A. KRUGER, Plaintiff, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 8, 1940.

*George Knopf,* for the plaintiff.

*Tanner, Sillcocks & Friend,* for the defendant.

Lyman, J. This is a motion for a reargument of a motion by the plaintiff, after a jury verdict, to set aside the verdict and for a new trial. The grounds for the application are that the court erred in its rulings in its admission of certain evidence and its exclusion of other evidence.

The action was brought to recover on three policies of insurance on the life of the husband of the plaintiff. The evidence disclosed that these policies were procured by the plaintiff and that the premiums were paid by her until July of 1931, at which time they lapsed for non-payment of premiums. After that date and until the death of the insured on November 2, 1938, the premiums were paid by his sister, who caused the policies to be reinstated by payment of the arrears. It also appears that this sister, together with deceased's other sisters, contributed to deceased's support after 1931. The proceeds of the policy were paid to this sister under the " facility of payment " clause, which permits the company to pay to either the named beneficiary or to any relative or to any person equitably entitled thereto by reason of having incurred expense in behalf of the insured.

The first error complained of is the admission by the court of " change of beneficiary forms," allegedly executed by the insured on April 21, 1932, and purporting to revoke all prior designations of beneficiary and requesting that insured's sister be recognized as the sole beneficiary. At the time these documents were allegedly signed insured was blind, and a mark was inscribed instead of a signature. The company agent testified that he witnessed the placing of the mark on his forms.

Plaintiff contends that because this agent who witnessed the signature was not familiar with the insured's signature or his mark there was no proper foundation for the admission of these documents, and cites in support of this argument *People* v. *Manganaro* (218 N. Y. 9) and *People* v. *Corey* (148 id. 476). There is no question that in the case of opinion evidence such is the rule (*People* v. *Molineux,* 168 N. Y. 264), and the authorities cited by the plaintiff are in accord. But the ruling does not apply here. The testimony of this witness as to the execution of the documents was direct testimony, and as such was admissible. (Richardson on Evidence [3d ed.], § 664.) Its effect was a question for the jury. (*Malulo* v. *Resolved Corp.,* 217 App. Div. 777.)

The second error assigned is the refusal of the court to permit plaintiff to testify to a conversation with an agent of the company at the time the policy was procured by the plaintiff in which the

agent promised plaintiff that she would get the proceeds of the policy. This agent, who solicited the policy and collected premiums, had apparent authority to make the promise, which would be binding on the company. (*Abbott* v. *Prudential Ins. Co.*, 281 N. Y. 375; *Bible* v. *John Hancock Mut. Life Ins. Co.*, 256 id. 458.) Plaintiff contends that this statement by the authorized agent constituted an election on the part of the company, under the " facility of payment " clause, to pay the plaintiff. Such is the effect of the adjudicated cases. (*Shea* v *United States Industrial Ins. Co.*, 23 App. Div. 53; *Matter of Reinigers*, 151 Misc. 607; *Matter of Levy*, 158 id. 711; *Royal Indemnity Co.* v. *Ginsberg*, 157 id. 507.) *Kasper* v. *Metropolitan Life Ins. Co.* (244 App. Div. 508) seems contrary in spirit, but is distinguishable, and would not be an obstacle to the enforcement of such a promise, if made.

But there is a very material difference between the facts in this case and the decisions following *Shea* v. *United States Industrial Ins. Co. (supra)*. In those decisions the claimant paid the premiums until the death of the insured. Here it is undisputed that the plaintiff discontinued the payment of the premiums several years before the death of the insured, and as a result the policies lapsed. There is no logical basis for extending the doctrine of the *Shea* case to a situation where the policies had lapsed and been reinstated by a third party who continued to pay the premiums.

In paying the proceeds to deceased's sister the insurer was paying not only the designated beneficiary but the person equitably entitled to them.

The motion is accordingly denied.