MATTHEW NAPEAR, Respondent, v. PENFIELD PETROLEUM PRODUCTS, INC., et al., Appellants.— Action to recover damages for breach of contract of employment of plaintiff and to sell him stock of a corporation. Order granting plaintiff's motion for examination before trial, and discovery and inspection of books and records, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Johnston. Adel and Sneed, JJ., concur.

JOSEPH R. PARETTA, Respondent, v. ANDREW YUHAS et al., Appellants.— In an action by a licensed real estate broker against the corporate purchaser of property, and the individual stockholders thereof, to recover brokerage commissions on the ground that defendants promised to pay them and thereafter conspired to deprive plaintiff thereof, there was a judgment in favor of plaintiff. Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event. Plaintiff's Exhibit 6 (a copy of a letter written by plaintiff to one of the defendants stating that the owner was interested in selling the property as per defendants' offer) was erroneously admitted in evidence. *Steber* v. *Palm Knitting Co., Inc.*, 206 App. Div. 439; *McNally* v. *301 Madison Avenue Corp.*, 213 App. Div. 616.) Without that letter, there is no proof of acceptance by the owner of defendants' offer to purchase. Moreover, the admission in evidence of the pages of plaintiff's diary was error. The entries therein were merely private memoranda of matters to be done and not records of an act, transaction, occurrence or event made in the regular course of business. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. concur.

JENNIE A. PARKTON, Appellant, v. JAMES J. FREEMAN et al., as Executors of CELIA EDELMAN, Deceased, Respondents.— Action to recover damages for personal injuries. Appeal from judgments dismissing the complaint and from orders denying motions to set aside the verdict of the jury and for a new trial. Judgments and orders unanimously affirmed, with one bill of costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See 274 App. Div. 801.]

PREFERRED OIL COMPANY, INC., Respondent-Appellant, v. ATCO TANK SERVICE, INC., Appellant-Respondent.— In an action for a judgment to declare the rights of the parties under a lease, particularly with respect to whether the term of the lease was extended by virtue of an automatic renewal clause contained therein, defendant landlord appeals from the third decretal paragraph of the judgment, which enjoins it from instituting any proceedings to recover possession of the premises so long as the tenant meets its obligations under the lease, while the facts recited in the opinion remain unchanged and the Emergency Rent Laws are in effect. Plaintiff tenant cross-appeals from the second decretal paragraph of the judgment, which provides that its lease would come to an end on February 29, 1948, and that its possession after that date would be as a statutory tenant under the emergency rent law. On plaintiff's appeal the judgment, insofar as appealed from, is unanimously affirmed, without costs. No opinion. On defendant's appeal, the judgment is modified on the law by striking therefrom the third decretal paragraph and, as so modified, the judgment, insofar as appealed from, is unanimously affirmed, with $10 costs and disbursements to defendant. Sufficient facts were not alleged in the pleadings to permit a determination as to defendant's rights under the Emergency Rent Laws upon the expiration of plaintiff's lease. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.