■ LLOYD WELDE, an Infant by BJARNE WELDE, His Father and Natural Guardian, et al., Respondents, v. JEROME A. WOLFSON, as Executor of RAE WOLFSON, Deceased, Appellant.— In a negligence action to recover damages for personal and property injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated November 27, 1968, which granted plaintiffs' motion to set aside a jury verdict in favor of defendant. Order affirmed, with costs. The plaintiff driver claimed that defendant's testatrix, while driving in the opposite direction, made a sudden left turn, thereby causing an unavoidable collision. The defense claimed that no left turn had been made by the testatrix. To controvert this claim, plaintiffs sought, unsuccessfully, to introduce in evidence a certified copy of the Motor Vehicle Accident Report (MV-104) filed by the testatrix. This report contained the following statement: "Car #1 [testatrix's vehicle] making left turn struck by car #2 [plaintiff's vehicle]." Although other evidence was introduced to show that defendant's testatrix was in the process of making a left turn when the accident occurred, this additional proof did not approach, in terms of its probative value, the damaging admission contained in the MV-104 report. Thus, the plaintiff driver's testimony could largely be discredited upon the grounds of self-interest. The probative value of the statement that the testatrix had made to the police officer who arrived at the scene shortly after the accident occurred, to the effect that she was making a left turn, was severely negatived by the revelation that she was seriously injured and visibly shaken after the collision. In our opinion, it was error to exclude the MV-104 report and, from what we have already said, this error cannot be dismissed as harmless. CPLR 4540 (subd. [a]) provides: "Authentication of official record of court or government office in the United States (a) Copies permitted. An official publication, or a copy attested as correct by an officer or a deputy of an officer having legal custody of an official record of the United States or of any state, territory or jurisdiction of the United States, or of any of its courts, legislature, offices, public bodies or boards is prima facie evidence of such record." A Motor Vehicle Accident Report is an "official record" within the meaning of this section and, absent other objections, a certified copy is receivable in evidence (*Carter* v. *Castle Elec. Contr. Co.*, 26 A D 2d 83; *People ex rel. Stenstrom* v. *Harnett*, 224 App. Div. 127, affd. 249 N. Y. 606). At bar, however, defendant claimed that the report was inadmissible because no preliminary proof of the authenticity of the testatrix's purported signature had been offered by plaintiffs. Although, in principle, defendant's theory was well conceived (see *Donohue* v. *Whitney*, 133 N. Y. 178; *People ex rel. Stenstrom* v. *Harnett*, *supra*), we believe that the authenticity of the MV-104 report in issue was sufficiently demonstrated, pending evidence to the contrary, by its contents (*Malulo* v. *Resolved Corp.*, 217 App. Div. 777; 7 Wig-

more, Evidence [3d ed.], § 2148) and by the legal incidents which attend the filing of an MV-104 report (cf. Vehicle and Traffic Law §§ 605, 354; Public Officers Law, § 66-a; Penal Law, § 170.05, § 170.10, subd [3]). These two factors were a sufficient circumstantial guarantee of the document's authenticity (*People* v. *Dunbar Contr. Co.,* 215 N. Y. 416; cf. *People* v. *Manganaro,* 218 N. Y. 9, 13-14). Accordingly, the order should be affirmed. Beldock, P. J., Rabin, Munder and Martuscello, JJ., concur; Christ, J., dissents and votes to reverse the order and to reinstate the jury verdict in favor of defendant, with the following memorandum: This is an automobile intersection collision case in which the jury found for defendant. The Trial Justice set aside the verdict and ordered a new trial and the majority in this court agree to affirm. I find no basis for upsetting the jury's verdict in this case and would reinstate it. Essentially, the claim is that defendant's testatrix attempted to make a left turn at an intersection. There was ample testimonial proof that she was making a left-hand turn into the intersection when the collision occurred. Thus, the confession of error by the Trial Justice for excluding from evidence an MV-104 document, intended to show that defendant's testatrix was making a left-hand turn, is not a matter of critical importance and was only cumulative. It is an insufficient basis for setting aside the verdict and it could not have affected the outcome in this case (cf. *Gutin* v. *Mascali & Sons,* 11 N Y 2d 97). The important factor here, in my view, is that there was no showing that defendant's testatrix was *negligent* in making the left-hand turn. The plaintiff driver's testimony in this regard was evasive and at times totally silent on the relative distances of the cars and the time intervals involved before the collision. The rule has been stated often and clearly: " A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" (*Olsen* v. *Chase Manhattan Bank,* 10 A D 2d 539, 544, affd. 9 N Y 2d 829). In a recent case, this court resolved a controversy involving facts somewhat similar to those in the instant case (*Feldman* v. *Cain,* 29 A D 2d 965). There was an intersection collision and the dispute centered over which party had the green light and right of way. The jury found for the defendants and the Trial Justice set the verdict aside only as to passenger plaintiffs in one of the cars. We modified by reinstating the *entire* jury verdict in favor of the defendants and cited the *Olsen* case (*supra*). There are many more cases showing the rule involved here and demonstrating that plaintiffs have not sustained their very heavy burden of providing a reasonable basis for the setting aside of a jury verdict in favor of a defendant (see *Freeman* v. *Coca Cola Bottling Co. of N. Y.,* 26 A D 2d 554, affd. 19 N Y 2d 756; *Ramsden* v. *Shaker Ridge Country Club,* 23 A D 2d 857, affd. 18 N Y 2d 886; *Sedgwick* v. *J. D. Maroney, Inc.,* 31 A D 2d 771).