■ PRESTIGE FABRICS, INC., Respondent, v NOVIK & Co., INC., Appellant.—Judgment, Supreme Court, New York County, entered February 10, 1977, after a jury trial, which, *inter alia,* awarded to the plaintiff the sum of $26,057 together with interest and costs, unanimously modified, on the law and the facts, to the extent of vacating $22,412.53 of the judgment, plus the interest attendant thereon; severing that portion of the judgment and remanding to the trial court for a further hearing in accordance with our memorandum decision and otherwise affirmed, without costs or disbursements. Prestige Fabrics, Inc., purchased fabrics from Novik & Co., Inc., through a textile broker, Jules Silverman, Inc. Prestige placed an order with Novik through Silverman, Inc., for 125,000 yards of fabric at 32½ cents per yard. Prestige requested initial delivery of 12,000 yards only to a destination designated by it. Pursuant to these instructions, 11,700 yards were delivered. However, when the balance of the fabric was requested, Prestige was notified that Novik never received such a large order and, in fact, had no more fabric of the type requested in stock. In order to fill certain orders outstanding, Prestige purchased the fabric elsewhere, paying the lowest available price. There were two such purchases made: one for 22,520 yards at 40 cents per yard, and one for 14,495 yards at 46 cents per yard. In

addition, one customer's order for 75,000 yards of fabric could not be filled, resulting in cancellation of that order and a concomitant loss of profit to Prestige. Prestige instituted this lawsuit to recover for the damages incurred as a result of these three separate transactions. The damages claimed for the purchase of the 22,520 yards at 40 cents were $1,689 (the difference between the Novik price of 32½ cents and the actual 40-cent purchase price), and damages claimed for the purchase of the 14,495 yards were $1,956.82 (the difference between the Novik price of 32½ cents and the actual 46-cent purchase price). The last item of damages claimed was for the loss of an order of 75,000 yards which Prestige was unable to deliver. The lost profit claimed was $22,412.53. It is to ascertain the damages regarding this last item that we are remanding for a further hearing. The proof adduced by the plaintiff to substantiate its claim of lost profit was the customer's purchase order and a letter from the same customer canceling the order. The court admitted both these documents as records kept in the regular course of business. We hold that the purchase order was properly received in evidence as a record made in the regular course of business and a record systematically kept (CPLR 4518, subd [a]). However, the letter canceling the order was improperly admitted. There was no foundation laid to warrant the admission of the letter as a record systematically kept by the author of the letter or as a writing made in the ordinary course of business. The letter standing alone, therefore, is not reliable evidence of the truth of the statements contained in it (CPLR 4518, subd [a]; cf. *Johnson v Lutz*, 253 NY 124, 127-128). This letter was the only proof of the loss of profit allegedly suffered by the plaintiff and, absent the necessary foundation, it should have been excluded (cf. *Paretta v Yuhas*, 273 App Div 977, affd 298 NY 756; see, generally, Letters to or from Customers or Suppliers as Business Records, 68 ALR3d 1069). We have reviewed the other issues raised and find them to be without merit. Concur—Lupiano, J. P., Capozzoli, Lane and Yesawich, JJ.