■ AGNES W. SABATINO, Appellant, v TURF HOUSE, INC., Respondent.— Appeal from a judgment of the Supreme Court, entered June 21, 1979 in Rensselaer County, upon a verdict rendered at a Trial Term, in favor of defendant. In this negligence action, plaintiff seeks damages for an injury to her hip which she allegedly sustained when she slipped on an ice cube in defendant's restaurant on May 11, 1975. Following a jury trial, a verdict of no cause of action was returned, and this appeal followed. Seeking a reversal of the judgment at Trial Term and a new trial, plaintiff argues solely that the court erred when it excluded from the evidence a medical report on plaintiff by a Dr. Paish and a portion of a second medical report on plaintiff by Dr. Sequiera. Since no special questions were submitted to the jury, we do not know the basis for its verdict of no cause for action. It may have found that the plaintiff was contributorily negligent or that the defendant was guilty of no negligence which proximately caused the accident or it could have concluded, on this record, that the plaintiff suffered no injury as a result of this accident. Hence, by reason of this last possibility, the exclusion of these reports from the evidence may have substantially affected the outcome of this litigation and requires us to consider whether they should have been received in evidence. The subject reports of these two

doctors contained their diagnoses and opinions relative to the plaintiff's condition, and significantly, though available, neither doctor was called to testify and no proper foundation was otherwise laid for their admission. Plaintiff's argument that the reports should have been received in evidence, pursuant to CPLR 4518 (subd [a]), as records kept by the doctors in the regular course of their respective businesses must be rejected. Assuming but not conceding the reports to be otherwise admissible for acceptance under the business record rule, a doubtful proposition (see *Rodriguez v Zampella,* 42 AD2d 805), it must first be demonstrated that the author made the report in the regular course of his business *(Prestige Fabrics Inc. v Novick & Co.,* 60 AD2d 517), and in order to lay this foundation, the proponent must call as a witness someone with personal knowledge of the maker's business practices and precedures *(Brown v Murphy,* 43 AD2d 524). At bar the plaintiff attempted to establish those business practices and procedures through the testimony of another doctor who obviously had no knowledge thereof, and Trial Term properly excluded the report of Dr. Paish and a portion of the report of Dr. Sequiera. The judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.