THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD MORGAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a con-

trolled substance in the seventh degree. On appeal, defendant contends that the trial court erred in allowing the prosecutor to question the undercover officer about a hearsay document which improperly bolstered that witness's identification of defendant. Although the police report made by another officer would have been admissible as a business record had the People laid a proper foundation (see, CPLR 4518 [a]; *People ex rel. McGee v Walters,* 62 NY2d 317, 320-321), where, as here, the People failed to do so, the trial court erred in admitting such report in evidence (see, *Matter of Leon RR,* 48 NY2d 117, 122; *Sabatino v Turf House,* 76 AD2d 945, 946). However, since the evidence of defendant's guilt was overwhelming, we conclude that the error was harmless (see, *People v Crimmins,* 36 NY2d 230).

The undercover officer positively identified defendant as the person who sold him cocaine on two separate occasions at defendant's apartment where defendant was arrested approximately one week following the second sale. The officer explained that he did not note defendant's facial scar as part of the description of defendant on his narcotic incident reports because he knew the defendant. Tape recordings of the two transactions also supported the officer's testimony. Thus, the erroneous admission of testimony relating to the information contained on the prisoner data report does not require reversal of defendant's conviction.

We find no merit to defendant's additional argument that his sentence was harsh and excessive. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ.