OPINION OF THE COURT
Eileen N. Nadelson, J.
Plaintiff instituted an action based on New York’s No-Fault Insurance Law against defendant, claiming serious injury as the result of the alleged accident. As part of his case-in-chief, plaintiff offered into evidence a police accident report prepared by a clerk of the police department. The report was based on statements of plaintiff made at the police station after the alleged accident. The police official who prepared the document did not witness the incident and was not called as a witness. The document was offered during plaintiffs direct examination. Defendant objected to the introduction of the police report, and this decision is written to clarify the court’s oral ruling during trial.
Prior to the introduction of any documentary evidence, it is necessary to lay a foundation for its accurateness. To do so, the preparer of the document must testify as to the timeliness of its preparation and the basis for the statements appearing therein. (Sabatino v Turf House, 76 AD2d 945 [1980]; Prestige Fabrics v Novik & Co., 60 AD2d 517 [1977].) In the case at bar, no such foundation was laid. The document was offered based on the testimony of plaintiff who did not prepare the report. For this reason alone the police accident report would not be admissible as prima facie proof of the matters asserted therein.
However, the court was called upon to determine the admissibility of the accident report under three sections of the Civil Practice Law and Rules: sections 4518, 4520 and 4540.
Section 4518 of the Civil Practice Law and Rules permits the introduction of a business record as an exception to the hearsay rule. Pursuant to section 4518 (a),
“Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or *271 event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter * * * .”
The purpose of this rule is to permit a writing or record, made in the regular course of business, to be received in evidence without the necessity of calling as witnesses all of the persons who had any part in making it. (Johnson v Lutz, 253 NY 124 [1939].) Police accident reports have been held to fall within the purview of a “business record” under section 4518 (a) of the Civil Practice Law and Rules. (Silfverchiold v Hut Cab Corp., 251 AD2d 121 [1st Dept 1998].) However, certain requirements must be met before such records may be admitted into evidence.
In order for the record to be admissible as proof of the facts recorded therein, it must be demonstrated that: (1) the entrant of those facts was the witness, or (2) the person giving the entrant the information was under a business duty to relate the facts to the entrant. (Wright v McCoy, 41 AD2d 873 [3d Dept 1973].) If neither of these two requirements is satisfied, the record may not be admitted as a business record. (Toll v State of New York, 32 AD2d 47 [3d Dept 1969].)
In the instant case, the entrant of the facts was a clerk of the police department who did not witness the event, and the person who gave the clerk the information was the plaintiff who is under no “business duty” to relate those facts. Therefore, the police report, as offered, may not be introduced into evidence as a business record under section 4518 (a) of the Civil Practice Law and Rules. (Auer v Bienstock, 104 AD2d 350 [2d Dept 1984].)
Section 4520 of the Civil Practice Law and Rules also permits introduction into evidence of certain statements made by public officers:
“Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”
*272 While it is unquestionably true and undisputed by the parties that a clerk of the police department is authorized to make and file accident reports, and that such reports would generally qualify as a public record under section 4520 of the Civil Practice Law and Rules, for this report to be admissible it must be evidenced that the statements appearing in the report were made either by the entry maker or someone in the same employment as the entry maker. (Kelly v Diesel Constr. Div. of Carl A. Morse, Inc., 35 NY2d 1 [1974].) In this instance, all the statements appearing in the police accident report were made by plaintiff and only transcribed by the police department clerk. Therefore, this report is not admissible under section 4520 of the Civil Practice Law and Rules.
Finally, it is argued that the accident report would be admissible under section 4540 of the Civil Practice Law and Rules. This section of the CPLR provides for the admission into evidence of certified copies of official records of courts or government offices in the United States. An accident report of a government agency has been held to qualify as an “official record” under section 4540 of the Civil Practice Law and Rules (Welde v Wolfson, 32 AD2d 973 [2d Dept 1969]). If the accident report in question had been certified, it would possibly have been admissible. However, the report was not “certified,” and therefore is could not be admitted pursuant to section 4540 of the Civil Practice Law and Rules. (Carter v Castle Elec. Contr. Co., 26 AD2d 83 [2d Dept 1966].)
Based on the foregoing, the court rules the proffered police accident report inadmissible.