■ EMELIA RODRIGUEZ, Respondent, v. DANIEL ZAMPELLA et al., Appellants. — Appeal from a judgment of the Supreme Court, entered October 10, 1972 in Schenectady County, upon a verdict rendered at a Trial Term in favor of plaintiff. In this negligence action the plaintiff obtained a verdict against the defendants in the sum of $55,000, which was reduced to $50,050, the total amount claimed as damages. The injuries sustained by plaintiff were to her neck and related areas with total disability lasting approximately three weeks, loss of earnings for the same period, and a modest amount of special damages. While there is evidence of some degree of permanency at the time of trial, it is clear the verdict obtained was excessive. While procedures are available to effect a reduction in the amount of an excessive verdict (*Waldorf* v. *Sorbo,* 10 A D 2d 226), in this case we must reverse and order a new trial for other reasons. First, at the time of the trial, plaintiff's attending physician was totally disabled and could not testify. His nurse appeared with the doctor's records containing the history, injury, diagnosis and the care and treatment rendered to plaintiff for this accident. They were marked for identification, offered and, over objection, received in evidence as records kept by the doctor in the ordinary course of his business (CPLR 4518, subd. [a]). Since the doctor's opinion and diagnosis were woven into his notations on these records, constituting his medical report, the evidence offered consisted of expert proof and should not have been admitted as evidence in chief. Secondly, during the cross-examination of defendant Zampella, the driver of the truck that collided with plaintiff's vehicle, a police officer's report was marked for identification and shown to the witness ostensibly for the purpose of refreshing his recollection. The line of questioning that followed clearly indicated that the report was being used in an effort to impeach the credibility of the defendant as a witness, and, in fact, the plaintiff's attorney at one point so stated. Over objection, the court permitted this improper line of questioning and, in effect, sanctioned, for the purpose of impeachment, the use of a written instrument not subscribed by the witness and not in evidence. The same procedure was permitted by the court in the use of a report to the Department of Motor Vehicles signed by the defendant Zampella at the time when it was not in evidence, and when subsequently offered by the defendant upon his redirect examination, an objection to its receipt by plaintiff's attorney was sustained by the court. Thus, two written instruments used to impeach a witness were not before the jury, precluding them from determining the existence of any actual inconsistencies. It is obvious the ultimate objective of the procedure adopted by plaintiff's attorney was to impeach defendant's credibility as a witness and this was improper and prejudicial (*Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267; Richardson, Evidence [9th ed.], §§ 513, 514). We recognize that, since the defendant had previously stipulated as to his negligence in this accident, no proof on that issue was required. However, even in the face of an

admission of liability, proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages. In the instant case, a further and additional issue remained for the jury; namely, the question of plaintiff's contributory negligence. Thirdly, defendant made application to the court for an offer of proof outside the presence of the jury with respect to the sequence of the operation of traffic control devices at the intersection where this accident occurred. Due to the unusual nature of these devices at this particular intersection, their sequence immediately after the accident could have been probative on the issue of contributory negligence. The court should have permitted defendants the opportunity to present such evidence. Finally, the cumulative effect of the errors we find in this record, superimposed upon the atmosphere of a hotly contested trial which resulted in an excessive verdict, in the interest of justice, mandates a reversal and a new trial. Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., and Greenblott, J., concur on the sole ground that the verdict was excessive.