■ ISABEL KOMAR et al., Appellants, v GEORGE SHOWERS et al., Respondents. (And a Third-Party Action.) [641 NYS2d 643] —Judgment, Supreme Court, New York County (Robert Lipp-

mann, J.), entered February 28, 1995, *inter alia,* dismissing plaintiffs' complaint and bringing up for review the order of the same court and Justice entered January 24, 1995, which granted defendants' motion to dismiss the complaint at the close of defendants' case and prior to submission of the case to the jury, unanimously affirmed, without costs.

Plaintiffs failed to present a prima facie case of "serious injury" sufficient to satisfy the requirements of Insurance Law § 5102 (d) (*Covington v Cinnirella,* 146 AD2d 565; *see, Licari v Elliott,* 57 NY2d 230). There was no definitive medical evidence that plaintiffs suffered more than sprains or strains as a result of this car accident. Plaintiffs' medical testimony was from physicians who examined plaintiffs more than six years after the accident and they failed to properly introduce any objective evidence of medical treatment or therapy prior to this time. Therefore, there was insufficient evidence to connect plaintiffs' injuries to the accident in question.

We also note that the report of Dr. Dinhoffer was inadmissible. That report does not constitute a business record under CPLR 4518 since it is a medical report and an interpretation of MRI film, as opposed to a day-to-day business entry of a treating physician (*see, Rodriguez v Zampella,* 42 AD2d 805). Similarly, Dr. Chynn's reports were properly excluded from evidence.

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.