■ BEVERLY COHN et al., Appellants, v HESKEL M. HADDAD, Respondent. [664 NYS2d 621] —In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Patterson, J.), dated August 22, 1996, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' contentions, the trial court properly excluded portions of certain records they sought to have admitted into evidence. At trial, three physicians who treated the plaintiff Beverly Cohn after the defendant had allegedly committed malpractice testified on behalf of the plaintiffs. While each of these physicians kept his own records, they also testified that they had received correspondence from each other. At trial, the court declined to allow one physician to read statements contained in another physician's operative report or to testify with regard to treatment rendered by that physician. The court also ruled that while the records of Ms. Cohn's psychiatrist were admissible, it would redact material which was not relevant to the diagnosis and treatment of her, such as a statement by her to the psychiatrist that she wanted to kill the defendant. The plaintiffs challenge these evidentiary rulings on this appeal.

Ordinarily, a physician's office records or hospital records, including medical opinion, are admissible to the extent that they are germane to diagnosis and treatment (*see, Williams v Alexander,* 309 NY 283, 287; *Ginsberg v North Shore Hosp.,* 213 AD2d 592; *Wilson v Bodian,* 130 AD2d 221, 231; CPLR

4518 [a]). Thus, the reports of other physicians contained in each doctor's records generally would have been admissible in this case (*see, Fanelli v diLorenzo,* 187 AD2d 1004; *Freeman v Kirkland,* 184 AD2d 331). However, admission of these reports would have constituted bolstering. Each of the three physicians testified at trial and related the procedures they had performed on Ms. Cohn and the operative reports they had prepared. Consequently, to permit one physician to testify as to the contents of the operative reports he received from the other physicians would result in bolstering their testimony.

Moreover, the court properly redacted certain statements contained in the records of Ms. Cohn's psychiatrist including those in which she stated that she wanted to kill the defendant. Those statements were not germane to diagnosis or treatment of Ms. Cohn (*see, Ginsberg v North Shore Hosp., supra*).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.