*90 OPINION OF THE COURT
Memorandum.
Judgment as to plaintiff Patrick McPherson unanimously reversed without costs and a new trial ordered as to said plaintiff limited to the issue of damages.
Judgment insofar as appealed from as to plaintiff Lola Trought unanimously modified by deleting the provisions thereof awarding damages to her for past pain and suffering and future pain and suffering, and granting a new trial with respect to those items of damages only; as so modified, judgment as to plaintiff Lola Trought is affirmed, without costs, unless within 30 days after service upon her of a copy of the order entered hereon, with notice of entry, plaintiff Lola Trought, shall serve and file in the office of the Clerk of the Civil Court, Kings County, a written stipulation signed by her consenting to reduce the verdict as to damages for past pain and suffering from $75,000 to $25,000, and for future pain and suffering from $25,000 to $15,000, and to the entry of a judgment amended accordingly, without costs and disbursements; in the event that plaintiff Lola Trought so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed without costs.
The instant personal injury action arises out of a subway accident which occurred on June 5, 1995. Plaintiffs were among passengers riding on a “J” train which collided with another train on the Williamsburg Bridge. Although the action was commenced in the Supreme Court, it was later transferred to the Civil Court pursuant to CPLR 325 (d), where, defendant having conceded liability, a trial was conducted solely on the issue of damages.
At the trial, Mr. McPherson offered the testimony of Dr. Alamilla, a chiropractor who treated him for approximately two years after the accident, when he was employed at Woodhaven Chiropractic Center. Woodhaven Chiropractic Center shared a building with two other medical practices, Physical Medicine & Rehabilitation and Queens Spinal Rehabilitation, and it appears that they often dealt with the same patients as well. None of the practices were still in business at the time of the trial. Mr. McPherson’s medical records from all three practices were admitted into evidence through Dr. Alamilla, notwithstanding the fact that Dr. Alamilla had left Woodhaven Chiropractic Center midway through Mr. McPherson’s four-year course of treatment at that facility and despite the fact that Dr. Alamilla *91 was not an employee or a custodian of the records of Physical Medicine & Rehabilitation or Queens Spinal Rehabilitation.
Medical office records are admissible under the business records exception to the hearsay rule, provided a proper foundation is laid for their admissibility (see CPLR 4518 [a]; Wilson v Bodian, 130 AD2d 221 [1987]). While it is not necessary that the foundation witness have made the records, or even that he or she be familiar with the particular records in question, it must be shown that the witness has had some familiarity with the doctor’s business practices and procedures (see Hefte v Bellin, 137 AD2d 406 [1988]). No such showing was made in the instant case. Dr. Alamilla was not in a position to have known about the record-keeping practices of Woodhaven Chiropractic Center after his departure from that facility, nor was he qualified to testify about the record-keeping practices and procedures of the other facilities. It was, therefore, error for the court below to have admitted into evidence the medical records of the three practices through Dr. Alamilla (see Sabatino v Turf House, 76 AD2d 945 [1980]), which error was further compounded by plaintiffs neurological expert’s reliance on those records (see Wagman v Bradshaw, 292 AD2d 84 [2002]). In any event, this verdict was excessive. Accordingly, a new trial is warranted as to plaintiff McPherson on the issue of damages.
With respect to Ms. Trought, this court finds that those portions of the jury’s verdict which awarded Ms. Trought $75,000 for past pain and suffering and $25,000 for future pain and suffering were excessive. Considering the nature and extent of her injuries, the award deviated materially from what would be reasonable compensation to the extent that it exceeded $25,000 for past pain and suffering and $15,000 for future pain and suffering (see CPLR 5501 [c]; Frascarelli v Port Auth. of N.Y. & N.J., 269 AD2d 422 [2000]; Jakobson v Multi Hacking Corp., 2003 NY Slip Op 51099[U] [App Term, 2d & 11th Jud Dists]). We note that we leave undisturbed the award of $11,377.82 for past medical expenses.
Pesce, RJ., Patterson and Golia, JJ., concur.