OPINION OF THE COURT
Gerald J. Dunbar, J.
*307 Plaintiff, medical supplies provider Sunnyside Plus, Inc., assignee of Rene Attias, instituted this action pursuant to Insurance Law § 5106 to recover first-party no-fault benefits from defendant insurer Allstate. Plaintiff Sunnyside was denied payment for medical supplies furnished to the assignor Rene Attias, pursuant to a prescription for said supplies issued by the insured’s treating physician, Dr. Viviane Etienne, M.D., associated with the Astoria Wellness Medical, EC.
The assignor, Rene Attias, was insured under a no-fault policy issued by Allstate which was in force at the time of the accident in which the vehicle driven by the assignor was struck from the rear. The parties stipulated that the no-fault benefits were properly assigned to Sunnyside who submitted a claim form to Adlstate in the amount of $1,159.25 for medical equipment of a LSO with APL control custom fitted; the parties further stipulated that the defendant timely denied payment on the grounds of medical necessity based upon a peer review, and that the only issue for trial was the medical necessity of said medical equipment.
The court conducted the bench trial on March 15, 2005. At trial, the defendant stipulated that plaintiff had met its prima facie case and the only issue reserved for trial was the defendant’s defense of lack of medical necessity pursuant to Insurance Law § 5102 (a) (1) as set forth in defendant’s answer as the third affirmative defense.
The defendant called one witness, Dr. William Ross, a licensed medical doctor who was qualified as an expert by agreement between counsel, and author of a peer review upon which the defendant denied the claim. Dr. Ross testified that his peer review relied upon four items provided to him by a third-party vendor of peer reviews retained by the defendant. These were: (1) the original bill for medical supplies submitted to Allstate, (2) the initial medical examination report of Dr. Viviane Etienne, M.D., (3) Dr. Etienne’s prescription dated November 15, 2001 for a “LSO [with] APL control (custom fitted),” and (4) the radiology report of Dr. C. Beinart, M.D., of Radiology Imaging Associates addressed to Dr. Etienne the treating physician.
After Dr. Ross was asked to render his professional opinion based upon the documents, plaintiffs counsel objected, and the court allowed a voir dire of the witness. Dr. Ross testified on voir dire that he did not examine Rene Attias, did not view the MRI, and based his peer review solely upon the treating doctor’s reports. Neither Dr. Etienne’s report as the treating physician, *308 nor the radiology report were offered or in evidence. The question before the court was whether the expert witness could base his opinion solely upon out-of-court hearsay documents not in evidence. Clearly, if the MRI itself or either report were in evidence, Dr. Ross could opine on documents in evidence.
To be admissible an expert’s opinion must be based upon either facts personally known to the expert or facts or documents in evidence. (Cassano v Hagstrom, 5 NY2d 643 [1959]; Prince, Richardson on Evidence § 7-308 [Farrell 11th ed].)
“It is well settled that, to be admissible, opinion evidence must be based on one of the following: first, personal knowledge of the facts upon which the opinion rests; second, where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be based upon facts and material in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is of the kind accepted in the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability.” ('Wagman v Bradshaw, 292 AD2d 84, 86-87 [2d Dept 2002].)
The Court of Appeals has held that an expert witness may testify that he or she relied on out-of-court material provided that it is of a kind generally accepted in the profession as reliable and there is evidence presented establishing the reliability of the out-of-court material referred to by the witness. (Hambsch v New York City Tr. Auth., 63 NY2d 723 [1984].) The Court of Appeals went on to take the opportunity to reiterate the requirement that, “[i]n order to qualify for the ‘professional reliability’ exception, there must be evidence establishing the reliability of the out-of-court material” (id. at 726). There was simply no evidence presented regarding Dr. Etienne, the health care professional who prepared the initial examination report, and Dr. Beinart, who prepared the radiologist’s report, or under what circumstances either were prepared. (Faust v New York City Tr. Auth., 4 Misc 3d 89, 91 [App Term, 2d & 11th Jud Dists 2004].) The mere fact that the report was a medical report does not suffice to render it reliable. (Borden v Brady, 92 AD2d 983, 984 [3d Dept 1983]; Wagman, 292 AD2d at 87, supra; People v Sugden, 35 NY2d 453, 460-461 [1974]; see also, Barker, Current Trends on Rules for Hearsay, 75 NY St BJ 28 [May 2003].)
*309 The defendant additionally failed to offer the MRI film under the convenient method established by the Legislature for the admission of MRI film without any foundation. (CPLR 4532-a.) Similarly, the defendant offered no information on the reliability of the out-of-court hearsay treating physician’s reports; to the contrary, Dr. Ross stated he never examined the patient Rene Attias, and that he knew nothing about the practices of either Dr. Etienne or Dr. Beinart, which would allow him to opine about the reliability of their reports. Dr. Ross was left with nothing in evidence upon which to base his opinion, nor were there out-of-court statements by a witness who testified in the proceeding upon which Dr. Ross could opine. Dr. Ross was thereby precluded from offering his opinion, for which there was no factual basis in evidence, as a matter of law. (Adkins v Queens Van-Plan, 293 AD2d 503, 504 [2d Dept 2002]; Flamio v State of New York, 132 AD2d 594 [2d Dept 1987]; see also, Philippe v Ivory, 297 AD2d 666 [2d Dept 2002]; Greggs v Kurlan, 290 AD2d 533 [2d Dept 2002].)
Based upon the credible and admissible evidence, the defendant has failed to prove its defense of lack of medical necessity by a fair preponderance of the evidence. Judgment for the plaintiff to be entered in the amount of $1,159.25, plus statutory interest (11 NYCRR 65.15), statutory attorney’s fees (11 NYCRR 65.17), together with the costs and disbursements of this action.