*88 OPINION OF THE COURT
Per Curiam.
Order, dated June 16, 2006, reversed, with $10 costs, defendant’s motion for summary judgment granted, and complaint dismissed. The clerk is directed to enter judgment accordingly.
Defendant demonstrated prima facie entitlement to judgment by submitting competent medical evidence, including a peer reviewer’s affidavit incorporating by reference the findings set forth in his earlier report, that the diagnostic testing giving rise to plaintiffs claim for first party no-fault benefits lacked medical necessity. In opposition, plaintiff relied upon an attorney’s affirmation accompanied by a single, unsworn and undated doctor’s report, which was not properly before the court and should not have been considered (see Grasso v Angerami, 79 NY2d 813 [1991]; Black v Regalado, 36 AD3d 437 [2007]; Henkin v Fast Times Taxi, 307 AD2d 814 [2003]). While a physician’s affirmation submitted in opposition to summary judgment may be based on an unsworn medical report (see Pommells v Perez, 4 NY3d 566, 577 n 5 [2005]), an attorney’s affirmation augmented only by an unsworn medical report does not constitute admissible opposing evidence. In any event, even if considered, the unsworn report of plaintiffs doctor was insufficient to defeat summary judgment, since it failed to mention, much less meaningfully address, the negative diagnostic study separately administered during the month preceding the testing here at issue.
McKeon, J.E, McCooe and Davis, JJ., concur.