■ JUDE PRESCOTT, Respondent, v ALPHA AMADOUJALLOH et al., Defendants, and Winston Christopher Ward, Appellant. [865 NYS2d 322]—

In an action to recover damages for personal injuries, the defendant Winston Christopher Ward appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 3, 2007, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Winston Christopher Ward (hereinafter the appellant) met his prima facie burden on his motion by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition to the appellant's prima facie showing, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his cervical and/or lumbar spine under the significant limitation and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d). As part of his opposition, the plaintiff principally relied upon the affirmation of Dr. Soe Nyunt, his treating neurologist. Dr. Nyunt's affirmation revealed significant range-of-motion limitations in the plaintiff's lumbar and cervical spine based on objective range-of-motion testing which was based on both contemporaneous and recent examinations. Moreover, in his affirmation, Dr. Nyunt properly noted the findings contained in the plaintiff's magnetic resonance imaging report concerning the plaintiff's lumbar spine which revealed, inter alia, a disc herniation at L5-S1. Dr. Nyunt concluded, in his affirmation, that the injuries to the plaintiff's cervical and lumbar spine were the result of the subject accident and not degeneration, and amounted to a significant restriction of mobility of the plaintiff's spine. Dr. Nyunt opined that the injuries to the plaintiff constituted a permanent consequential limitation of use of his spine. Dr. Nyunt's affirmation was sufficient to

raise a triable issue of fact as to whether the plaintiff sustained a significant limitation of use and/or a permanent consequential limitation of use of his cervical and/or lumbar spine as a result of the subject accident (*see Altreche v Gilmar Masonry Corp.*, 49 AD3d 479 [2008]; *Lim v Tiburzi*, 36 AD3d 671 [2007]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Clervoix v Edwards*, 10 AD3d 626 [2004]; *Acosta v Rubin*, 2 AD3d 657 [2003]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]).

The plaintiff, as well as Dr. Nyunt, adequately explained any significant gap in the plaintiff's treatment history (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.