■ RAMON DELORBE, Appellant, v RAMON E. PEREZ et al., Respondents. [873 NYS2d 198]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated September 26, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact. The plaintiff's evidentiary submissions included contemporaneous and recent range of motion testing that revealed the existence of significant limitations in his lumbar spine, and a magnetic resonance imaging showing herniated discs at L3-4, L4-5, and L5-S1. The plaintiff's treating

physician and neurologist concluded that the lumbar injuries and observed limitations were permanent and causally related to the subject accident. The plaintiff's treating neurologist also concluded that the plaintiff sustained permanent consequential limitation of use of his lumbosacral spine, as well as a significant limitation of function of his lumbosacral spine. These submissions raised a triable issue of fact as to whether the plaintiff sustained a serious injury to his lumbar spine as a result of the subject accident under the permanent consequential limitation or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Prescott v Amadoujalloh,* 55 AD3d 584 [2008]; *Williams v Clark,* 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.,* 42 AD3d 430 [2007]).

The plaintiff also provided an adequate explanation for the gap in his treatment history. The plaintiff stated in his affidavit that he obtained treatment for about six months after the accident, but stopped when his no-fault benefits were terminated because he could not afford to pay out of pocket (*see Black v Robinson,* 305 AD2d 438 [2003]). The plaintiff's treating physician, in his affirmation, stated that the plaintiff's no-fault medical payments ended and, at that point, the plaintiff had reached his maximum medical improvement and any further treatment would have been essentially palliative in nature (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.