■ Doh M. Lee et al., Appellants, v Gabriel McQueens, Defendant, and Pedro Molasco Reyes, Respondent. [876 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated October 24, 2007, as granted the cross motion of the defendant Pedro Molasco Reyes for summary judgment dismissing the complaint insofar as asserted against him on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the cross motion of the defendant Pedro Molasco Reyes for summary judgment dismissing the complaint insofar as against him is denied.

The plaintiffs allegedly were injured when a motor vehicle operated by the defendant Gabriel McQueens was struck by a taxi operated by the defendant Pedro Molasco Reyes, and thereby was propelled into the plaintiffs' parked van. After McQueens moved for summary judgment dismissing the complaint insofar as asserted against him, inter alia, on the ground that he was not liable for the plaintiffs' injuries, Reyes cross-moved for summary judgment dismissing the complaint insofar as asserted against him, on the ground that the plaintiffs' injuries were not serious within the meaning of Insurance Law § 5102 (d).

The admissible medical evidence which was submitted by Reyes failed to establish, prima facie, that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]). In any event, the affidavits prepared by the plaintiffs' treating chiropractors were sufficient to raise a triable issue of fact. The chiropractor averred that, through the use of a goniometer, he found limitations in the plaintiffs' cervical and lumbar spines, both on his contemporaneous and most recent examination of the plaintiffs, which he quantified in his affidavits (*see Williams v Clark,* 54 AD3d 942 [2008]; *Kerzhner v N.Y. Ubu Taxi Corp.,* 17 AD3d 410 [2005]).

Accordingly, the Supreme Court should have denied the cross motion. Rivera, J.P., Ritter, Miller and Chambers, JJ., concur.