■ JAMES GARRISON HUDKINS, Respondent, v 81ST STREET PARKING, LLC, et al., Appellants. [878 NYS2d 745]—In an action to recover damages for personal injuries, the defendants 81st

Street Parking LLC, Tamir Parking Corporation, and Disoky F. Elshafey appeal, and the defendant Louis Jacobs & Son, Inc., separately appeals, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 18, 2008, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendants appearing separately and filing separate briefs.

The defendants met their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). However, in opposition, the plaintiff raised a triable issue of fact. The plaintiff submitted, inter alia, the affirmation of his treating orthopedist Dr. Leonard R. Harrison. Based upon his contemporaneous and recent range-of-motion testing, Dr. Harrison raised a triable issue of fact as to whether the plaintiff sustained a serious injury as a result of the subject accident under the permanent consequential limitation or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Delorbe v Perez,* 59 AD3d 491, 492 [2009]; *Prescott v Amadoujalloh,* 55 AD3d 584, 584-585 [2008]; *Williams v Clark,* 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.,* 42 AD3d 430, 431 [2007]). The plaintiff also provided an adequate explanation for the gap in his treatment history (*see Pommells v Perez,* 4 NY3d 566, 577 [2005]; *Delorbe v Perez,* 59 AD3d at 492). Accordingly, the Supreme Court properly denied the motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

We do not reach the contention of the defendant Louis Jacobs & Son, Inc., concerning that branch of its motion which was for summary judgment on its cross claim against the remaining defendants for common-law indemnification, as that branch of the motion was not addressed by the Supreme Court. Thus, it remains pending and undecided (*see Magriples v Tekelch,* 53 AD3d 532 [2008]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.