OPINION OF THE COURT *921 It is perhaps surprising that there is yet any stone unturned at the serious injury threshold, but this motion presents a question that does not appear to have been answered: May the plaintiff raise a triable issue in opposition to a threshold motion with medical records or reports that are uncertified, unsworn, and unaffirmed, but are rendered admissible as evidence pursuant to the “business records” exception to the hearsay rule? The court answers the question “yes.”
Jack M. Battaglia, J.
*921 In this complaint, plaintiffs Uhura Carter and Michael E. Antoine each allege “serious injury” within the meaning of Insurance Law § 5102 (d) as a result of a motor vehicle collision on July 6, 2007 with defendant Juanita Rivera. In the verified bill of particulars, plaintiff Carter alleges injury to her cervical spine, lumbar spine, and left shoulder, including disc bulges at C4-C5 and L4-L5; plaintiff Antoine alleges injury to his cervical spine and lumbar spine, including bulges at C4-C5, L3-L4 and L5-S1. Neither the verified bill of particulars nor the deposition testimony of the respective plaintiffs presents facts that would support a finding of “serious injury” under the 90/180-day disability category, and defendant, therefore, is not expected on this motion to establish prima facie that neither plaintiff suffered an injury under that category. (See e.g. Miller v Bah, 58 AD3d 815, 815-816 [2d Dept 2009]; Carr v KMO Transp., Inc., 58 AD3d 783, 784 [2d Dept 2009].)
In support of the motion, defendant submits the affirmed medical reports of orthopedist Robert Israel, M.D., who examined each plaintiff on July 28, 2008. As to plaintiff Carter, Dr. Israel reports full range of motion in her cervical spine, lumbar spine, and left shoulder, and concludes that, “from an orthopedic point of view, the claimant has no disability as a result of the accident of record.” As to plaintiff Antoine, Dr. Israel reports full range of motion in his cervical spine and lumbar spine, and concludes that, “from an orthopedic point of view, the claimant has no disability as a result of the accident of record.”
Defendant also submits as to plaintiff Carter the affirmed reports of radiologist Melissa Sapan Cohn, M.D., who reviewed MRI studies of plaintiffs cervical spine and lumbar spine made, respectively, on July 25, 2007 and August 6, 2007. Dr. Cohn states as to the study of plaintiffs cervical spine that it is “an extremely poor quality study,” “essentially a nondiagnostic study, of limited clinical usefulness.” As to the study of plaintiffs lumbar spine, Dr. Cohn states that it is “a poor qual *922 ity examination but it does appear to be diagnostic,” and finds “essentially a normal lumbosacral spine MRI.”
Defendant submits no similar radiological studies with respect to plaintiff Antoine, although he too underwent MRI studies to his cervical spine and lumbar spine, respectively, on July 25 and August 6, 2007, and reports of those studies are referred to in Dr. Israel’s report of his examination of plaintiff.
“A defendant who submits admissible proof that the plaintiff has a full range of motion, and that she or he suffers from no disabilities causally related to the motor vehicle accident, has established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), despite the existence of an MRI which shows herniated or bulging discs.” (Kearse v New York City Tr. Auth., 16 AD3d 45, 49-50 [2d Dept 2005]; see also Seruones v Toribio, 20 AD3d 330 [1st Dept 2005]; Meely v 4 G’s Truck Renting Co., Inc., 16 AD3d 26, 30 [2d Dept 2005].)
Although there are few appellate decisions that affirmatively explicate the nature of the “admissible proof’ that will suffice, as opposed to pointing out deficiencies where they occur, it seems clear that the report of one doctor, based upon one examination of the plaintiff, of a type similar to the reports of Dr. Israel submitted here, will suffice. (See Young Hwan Park v Orellana, 49 AD3d 721, 722 [2d Dept 2008]; Moore v Edison, 25 AD3d 672, 672 [2d Dept 2006]; see also Faso v Fallato, 39 AD3d 1234 [4th Dept 2007]; McNamara v Wood, 19 AD3d 921, 922 [3d Dept 2005].)
The court concludes here, therefore, that defendant has established prima facie that neither plaintiff sustained a “serious injury” within the meaning of Insurance Law § 5102 (d) as a result of the July 6, 2007 accident.
In opposition each plaintiff submits numerous medical records and reports; defendant counts 80 pages for each plaintiff. The records and reports are accompanied for each plaintiff by an affidavit of Alla Tsirlin, “an employee and office manager of Benjamin Medical Care, EC., now known as Roosevelt Medical Care, EC.,” and the physician affirmation of Roosevelt Cherubin, M.D., presumably the principal in Roosevelt Medical Care, EC., which he describes, with Benjamin Medical Care, EC., as “our office.” The records and reports are further described below; they include records and reports of Benjamin/Roosevelt, and the records and reports of other health care providers. They *923 are offered in substantial measure as “business records” pursuant to that exception to the hearsay rule.
Suffice it to say at this point that, if the records and reports, including Dr. Cherubin’s affirmations (see CPLR 2106), are accepted as evidence, they raise triable issues as to each plaintiff, in that the submissions show for each plaintiff positive objective findings, including restricted range of motion in the cervical spine and lumbar spine, both contemporaneous with the accident and on recent examination, supported by diagnostic studies revealing disc pathology. (See Bonilla v Tortoriello, 62 AD3d 637, 638-639 [2d Dept, May 5, 2009]; Gutierrez v Yonkers Contr. Co., 61 AD3d 823, 823-824 [2d Dept, Apr. 21, 2009]; Hudkins v 81st St. Parking, LLC, 61 AD3d 719, 719-720 [2d Dept, Apr. 14, 2009]; Lee v McQueens, 60 AD3d 914, 915 [2d Dept 2009]; Desir v Castillo, 59 AD3d 659, 660 [2d Dept 2009].)
Defendant contends, however, that none of the medical records or reports submitted by plaintiffs has any probative value, citing the Second Department’s recent decision in Washington v Mendoza (57 AD3d 972 [2d Dept 2008]) and the First Department’s decision in Komar v Showers (227 AD2d 135 [1st Dept 1996]). These decisions, and others that address the admissibility as evidence of medical records or reports, raise a host of issues and questions that, to this court’s understanding, are not satisfactorily resolved.
In Washington v Mendoza (57 AD3d 972, 973 [2008]), the Second Department held that the plaintiff failed to raise a triable issue of fact with the “reports or records” of the treating physician or the annexed “reports or records” of other doctors:
“The so-called ‘Certification’ from the plaintiff’s treating physician . . . was insufficient to affirm the contents of any of the reports or records that were annexed thereto, including his own reports. Thus, the reports or records of [other doctors] were without any probative value since they were unaffirmed or unsworn.”
The Court cites in support a number of decisions, among the very many, that declared inadmissible medical records or reports that were “unaffirmed or unsworn” or, as to hospital records in particular, were “uncertified.” (See id.; see also CPLR 4518 [c]; Joseph v A & H Livery, 58 AD3d 688, 689 [2d Dept 2009] [“unsworn, unaffirmed, or uncertified”].)
The Court does not describe the “so-called ‘Certification’ ” that it found wanting, and so the opinion is not helpful in resolving the pending motion.
*924 In Komar v Showers (227 AD2d 135, 136 [1996]), the First Department held that a doctor’s report was inadmissible because “[t]hat report does not constitute a business record under CPLR 4518 since it is a medical report and an interpretation of MRI film, as opposed to a day-to-day business entry of a treating physician.” The Court cited in support Rodriguez v Zampella (42 AD2d 805, 805 [3d Dept 1973]), which addressed a “doctor’s records containing the history, injury, diagnosis and the care and treatment rendered to plaintiff.” There, the Court held that “[s]ince the doctor’s opinion and diagnosis were woven into his notations on these records, constituting his medical report, the evidence offered consisted of expert proof and should not have been admitted as evidence in chief’ (id.).
Previously, the First Department had held that a doctor’s “report,” consisting of “a factual summary of [the doctor’s] actions and observations during ... [a] surgical procedure,” was admissible. (See Hefte v Bellin, 137 AD2d 406, 408 [1st Dept 1988].) The Court distinguished Rodriguez v Zampella (42 AD2d 805 [1973]) as “a case in which the evidence offered was inadmissible because it consisted of the doctor’s opinion and diagnosis, expert proof’ (see Hefte v Bellin, 137 AD2d at 408).
Generally, “a physician’s office records, supported by the statutory foundations set forth in CPLR 4518 (a), are admissible in evidence as business records.” (See Wilson v Bodian, 130 AD2d 221, 231 [2d Dept 1987]; see also Williams v Alexander, 309 NY 283, 286-288 [1955].) “A report made in the ordinary course of a doctor’s medical practice is admissible in evidence as a business record once the requisite statutory foundation had been laid.” (Hefte v Bellin, 137 AD2d at 408.) There are boundaries, however, not easily mapped out.
As already indicated, the First Department appears to preclude “the doctor’s opinion and diagnosis, expert proof’ that appear in the doctor’s records. (See id. at 408; see also Komar v Showers, 227 AD2d at 136 [interpretation of MRI film].) The preclusion does not appear to apply, however, where the medical opinion is found in a hospital record. (See Lanpont v Savvas Cab Corp., 244 AD2d 208, 211 [1st Dept 1997] [X ray report]; Davis v Robins Co., 99 AD2d 342, 347 [1st Dept 1984].)
In the Second Department, “[w]here a proper foundation is laid, a physician’s office records, including medical opinion, are admissible as evidence at trial to the extent that they are germane to diagnosis and treatment.” (Bruce-Bishop v Jafar, 302 AD2d 345 [2d Dept 2003] [emphasis added]; see also Cohn v *925 Haddad, 244 AD2d 519, 519 [2d Dept 1997]; Wilson v Bodian, 130 AD2d at 230-231.) More recently, the Second Department held that “[t]he certified records and the medical opinions contained therein were properly admitted, as they were germane to the diagnosis and treatment of the child.” (See Murray v Weisenfeld, 37 AD3d 432, 433-434 [2d Dept 2007] [emphasis added].) The Court does not indicate whether the “certified records” were hospital records or office records or both. But other decisions belie any distinction where the opinion is found in records relied upon in the diagnosis and treatment of the plaintiff. (See Wilbur v Lacerda, 34 AD3d 794, 795 [2d Dept 2006] [“four reports completed by psychologists and a speech-language pathologist regarding their separate evaluations of the infant plaintiff”]; see also Garritano v Garritano, 62 AD3d 657, 658 [2d Dept, May 5, 2009].)
Some confusion results, nonetheless, from a Second Department decision that draws a distinction between “day-to-day business entries of a treating physician” found in a physician’s “office record” and “medical reports” that “are not admissible where they contain the doctor’s opinion or expert proof.” (See Matter of Bronstein-Becher v Becher, 25 AD3d 796, 797 [2d Dept 2006].) At issue there were “two ‘narrative reports’ [that] were simply letters summarizing [the doctor’s] diagnosis, treatment, and opinion” where “[n]o proper foundation was provided demonstrating that they were in fact business records.” (See id.) The Court relied on the First Department’s decision in Komar v Showers (227 AD2d 135 [1996]), which, as discussed above, supports a preclusion for “opinion,” but also relied on its own prior decision in Wilson v Bodian (130 AD2d 221, 231 [1987]), which explicitly rejects any limitation on admissibility for “medical opinions and conclusions.” In Wilson, the Court rejected Rodriguez v Zampella (42 AD2d 805 [1973]), the Third Department decision upon which Komar v Showers relied, as well as any distinction for this purpose between hospital records and doctors’ office records (see Wilson v Bodian, 130 AD2d at 231).
Wilson v Bodian (130 AD2d 221, 229 [1987]) does distinguish between “physicians’ office records and physicians’ reports” (emphasis added).
“Doctors’ reports are often prepared at the request of counsel on behalf of the parties. Such reports are generally material prepared for litigation and are not the systematic, routine, day-by-day type of records envisioned by the business re *926 cords exception . . . Therefore, physicians’ reports prepared for litigation are generally inadmissible in evidence under the business records exception to the hearsay rule.” (Id. at 229-230; see also Flaherty v American Turners N.Y., 291 AD2d 256, 258 [1st Dept 2002].)
The appropriate distinction, therefore, is not between a “record” and a “report,” or between a doctor’s “observation” and “opinion,” but between a writing or “electronic record” “made in the regular course of business” {see CPLR 4518 [a]) and one that is not. In the Second Department, for example, the “report” of a radiologist, providing an “interpretation of MRI film, as opposed to a day-to-day business entry of a treating physician” (see Komar v Showers, 227 AD2d at 136), is admissible as evidence if it was prepared for the purposes of diagnosis and treatment of a patient and not for the purpose of litigation.
The case of the radiologist raises another issue, that is, whether the admission into evidence of a doctor’s office file serves to admit the records and reports of other medical specialists and diagnostic facilities, related to the diagnosis and treatment of the patient, that have been incorporated into the file. Although the case law on the issue is not extensive, except for the case law on threshold motions, which will be addressed presently, both the First and Second Departments have found the incorporated records admissible. And so in Freeman v Kirkland (184 AD2d 331, 332 [1st Dept 1992]):
“Nor did the trial court abuse its discretion in allowing into evidence [as business records] the complete medical file of plaintiffs treating osteopathic physician, including records, reports and correspondence generated by other medical specialists and laboratories, where the treating physician’s testimony at trial established that the medical records related to the diagnosis and treatment of plaintiffs injuries.” {See also Kuperman v Waller, 307 AD2d 810 [1st Dept 2003].)
And in Cohn v Haddad (244 AD2d 519, 520 [1997], citing Freeman v Kirkland, 184 AD2d 331 [1992]): “[T]he reports of other physicians contained in each doctor’s records generally would have been admissible in this case” (see also People v Cratsley, 86 NY2d 81, 90-91 [1995]; People v DiSalvo, 284 AD2d 547, 548-549 [2d Dept 2001]).
On threshold motions, however, numerous opinions have rejected the opinions of a plaintiffs treating doctor as “without *927 probative value since [the doctor] clearly relied on unsworn reports of others in reaching his conclusions.” (See Ferber v Madorran, 60 AD3d 725, 725 [2d Dept 2009]; see also e.g. McNeil v New York City Tr. Auth., 60 AD3d 1018, 1019 [2d Dept 2009]; Uribe-Zapata v Capallan, 54 AD3d 936, 937 [2d Dept 2008]; Malave v Basikov, 45 AD3d 539, 540 [2d Dept 2007].) This authority seems questionable in light of the opinion of the Court of Appeals, also ruling on threshold motions, in Pommells v Perez (4 NY3d 566 [2005]). There, a plaintiffs treating doctor, in a sworn statement, noted that an MRI of the plaintiffs spine taken by another doctor and “made part of the record” revealed one herniated and three bulging discs (see id. at 577). “Though the MRI reports were unsworn, the various medical opinions relying on those MRI reports are sworn and thus competent evidence.” (See id. n 5.)
Since, as will appear, the court finds the respective submissions of plaintiffs to be sufficient without consideration of the incorporated records or reports of third-party providers, it is unnecessary to attempt to resolve these apparent inconsistencies. For the same reason, the court will offer no view as to the significance to these issues of the Second Department’s opinion in Wagman v Bradshaw (292 AD2d 84, 89-91 [2d Dept 2002]), specifically as to the “professional reliability” doctrine (see also O’Brien v Mbugua, 49 AD3d 937, 938-939 [3d Dept 2008]).
As to plaintiff Carter, the physician affirmation of Dr. Roosevelt Cherubin specifically identifies by date his own writings, reporting on his physical examination of plaintiff on March 9, 2009 and March 23, 2009, and states, in addition to his general affirmation of truth under penalty of perjury as required by CPLR 2106, that the information contained in the March 2009 writings is “true and accurate.” Although the writings are not separately affirmed pursuant to CPLR 2106, they are rendered admissible as evidence by the physician affirmation. (See Cotto v JND Concrete & Brick, Inc., 41 AD3d 415, 415 [2d Dept 2007]; Lazu v Integral Truck Leasing, 292 AD2d 306, 307 [1st Dept 2002]; CPT Med. Servs., PC. v New York Cent. Mut. Fire Ins. Co., 18 Misc 3d 87, 88 [App Term, 1st Dept 2007].) The findings reported in these writings, including as to restricted range of motion in the cervical spine and the lumbar spine, are clearly the product of “recent examination.”
In his physician affirmation, Dr. Cherubin states that he reviewed the MRI studies of plaintiffs cervical spine and lumbar spine, and finds that she “sustained a focal disc bulge at the *928 C4-C5 level of the cervical spine, as well as a bulging disc at the L5-S1 of the lumbosacral spine with sac effacement and neural canal narrowing bilaterally.” Dr. Cherubin explicitly disagrees with the findings of Dr. Melissa Sapan Cohn, submitted by defendant on this motion. Whether or not, therefore, the reports of radiologists Mark Shapiro and Robert D. Solomon of Radiology Today, RC., which are included among the records and reports of Benjamin/Roosevelt Medical Care, are deemed admissible as “business records,” plaintiffs submission on this motion includes sufficient evidence in admissible form of disc pathology on radiological study.
Under these circumstances, the court also need not determine whether plaintiffs may rely on the unaffirmed reports of the radiologists because they were “referred to” in the reports of defendant’s examining physician, Dr. Robert Israel. (See Williams v Clark, 54 AD3d 942, 943 [2d Dept 2008]; Silkowski v Alvarez, 19 AD3d 476 [2d Dept 2005]; but see Rodriguez v Huerfano, 46 AD3d 794, 795 [2d Dept 2007]; A.B. Med. Servs. PLLC v Travelers Prop. Cas. Corp., 5 Misc 3d 214, 220-223 [Civ Ct, Kings County 2004].)
Dr. Cherubin’s physician affirmation describes by date the records and reports of Dr. Benjamin Cortijo, presumably the “Benjamin” of Benjamin Medical Care, EC.; physical therapy treatment performed by that provider, as well as by AMO Physical Therapy, EC.; chiropractic treatment at STZ Chiropractic, EC.; diagnostic studies at Radiology Today, EC.; acupuncture treatment at Ming Hua Acupuncture, EC.; and “range of motion studies” and “EMG/NCV studies” performed at the Benjamin/Roosevelt facility; all as revealed by the records or reports bearing the dates specified in the affirmation.
As to plaintiff Antoine, the submission is essentially the same as that for plaintiff Carter. The physician affirmation of Dr. Cherubin incorporates his reports of recent examinations of plaintiff, finding restricted range of motion of the cervical spine and the lumbar spine, and reporting on his review of MRI films of plaintiff’s cervical spine and lumbar spine, revealing disc pathology. Similar records of the Benjamin/Roosevelt facility and other providers and facilities are attached, and described in Dr. Cherubin’s affirmation and Ms. Tsirlin’s affidavit.
Dr. Cherubin “certifies] that the above reports are an integral part of [his] office records, and were obtained and maintained by [his] office in the regular course of business for the purpose of diagnosing and treating [plaintiffs] condition.”
*929 The affidavit of Alla Tsirlin “certifies and authenticates” the records and reports, described again by date, that are described in Dr. Cherubin’s physician affirmation, and
“ certifies] that said medical records were made in the regular course of business of the center and it is the business of this medical center to make such a record and that the records were made upon the dates set forth or within a reasonable time thereafter of the act, condition, transaction, occurrence or event described in the medical records.”
Defendant does not contend that either Dr. Cherubin or Ms. Tsirlin is not competent to lay the foundation for the admission of these writings as “business records.” (See Dayanim v Unis, 171 AD2d 579, 580 [1st Dept 1991]; McClure v Baier’s Automotive Serv. Ctr., 126 AD2d 610, 610 [2d Dept 1987]; Faust v New York City Tr. Auth., 4 Misc 3d 89, 91 [App Term, 2d Dept 2004].) “[T]he foundation requirements of CPLR 4518 (a)
[are]: first, that the record be made in the regular course of business — essentially, that it reflect a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business; second, that it be the regular course of such business to make the record (a double requirement of regularity) — essentially, that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record; and third, that the record be made at or about the time of the event being recorded— essentially, that recollection be fairly accurate and the habit or routine of making the entries assured.” (People v Kennedy, 68 NY2d 569, 579-580 [1986]; see also CPLR 4518 [a]; 3122-a.)
Although Dr. Cherubin’s affirmations fall short, Ms. Tsirlin’s affidavits are sufficient to render admissible at least the records and reports of Benjamin Medical Center, PC./Roosevelt Medical Center, PC.
The writings thereby admitted into evidence include the records and reports of Dr. Benjamin Cortijo, containing his clinical findings on examination of each plaintiff, including the results of range-of-motion and EMG/NCV testing, during July and August 2007. Those findings include restricted range of motion in the cervical spine and lumbar spine of each plaintiff contemporaneous with the subject accident.
The court notes that Dr. Cortijo’s July and August 2007 “Initial Evaluation Report” and “Follow-Up” reports for each *930 plaintiff are not in form the type of “narrative report” addressed to someone outside the practice, which might be deemed to disqualify the report from “business records” treatment. Also, to the extent that the sufficiency of plaintiffs’ showing depends upon an opinion of Dr. Cherubin that is based upon an opinion of Dr. Cortijo, the latter’s opinion is in evidence pursuant to the Second Department authority discussed above, and, therefore, may appropriately be the basis of Dr. Cherubin’s opinion. (See Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726 [1984]; Wagman v Bradshaw, 292 AD2d at 86-87.) If any further showing of reliability is required (see Shahram v Horwitz, 5 AD3d 1034, 1035 [4th Dept 2004]), it is found for purposes of this motion in the “succession” of professional practices.
To the extent, of course, that defendant might have reason to challenge any element of plaintiffs’ showing on the “business records” exception, or any opinion based upon the admission of any writing pursuant to the exception, defendant may do so at trial if either plaintiff seeks to make her or his prima facie case with those records or reports.
Finally, the party opposing a motion for summary judgment need only “produce evidentiary proof in admissible form.” (See Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].) As to an opposer, even that “strict requirement” is “flexible” where there is “acceptable excuse.” (See Zuckerman v City of New York, 49 NY2d 557, 562 [1980], quoting Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979].) This court is aware of no requirement, either generally or for threshold motions, that “admissible form” be limited to sworn statement or permitted affirmation. Indeed, in the threshold context, the defendant movant is permitted to rely on the plaintiff’s medical records and reports, even if not in admissible form (see Pagano v Kingsbury, 182 AD2d 268, 271 [2d Dept 1992]); and, if the defendant/movant does so, the plaintiff may as well (see Perry v Pagano, 267 AD2d 290 [2d Dept 1999]).
In short, the court sees no impediment to a plaintiff successfully opposing a threshold motion in whole or, as in this case, in part with properly-admitted “business records.”
Defendant’s motion is, therefore, denied.