*296 OPINION OF THE COURT
Fred J. Hirsh, J.
Defendant moves for summary judgment. Plaintiff cross-moves to compel discovery.
Background
Plaintiff Total Equipment, LLC (Total) sues as assignee of Latasha James (James) to recover first-party no-fault benefits for durable medical equipment provided to James.
Defendant asserts it is entitled to summary judgment because it timely denied the claim on the ground the medical equipment provided to James was not medically necessary based upon the peer review report of Ronald A. Csillag, D.C.
Dr. Csillag reviewed and relied upon medical reports and records, no-fault claim forms and a police accident report outlined in his report in preparing his peer review report. None of the reports or records Dr. Csillag relied upon in preparing his peer review report have been provided to the court. Dr. Csillag specifically relied upon the information contained in the medical reports and records he reviewed including James’s complaints, the diagnoses made and the treatment provided as the factual basis for his opinion that the medical equipment supplied was not medically necessary.
Plaintiff cross-moves to compel defendant to comply with its discovery demands. Plaintiff seeks to obtain copies of the medical reports and records reviewed by Dr. Csillag in preparing his peer review. Plaintiff claims that it needs these reports and records to determine whether the factual assertions made in Dr. Csillag’s peer review report are accurate and to have those records and reports reviewed by a chiropractor or other appropriate health care professional so it can possibly obtain an affidavit establishing the medical necessity of the medical equipment Total provided to James.
Discussion
Defendant establishes a prima facie entitlement to judgment as a matter of law by establishing the timely mailing of a denial and the submission of an affirmed or sworn-to peer review which sets forth a factual basis and a medical rationale for the peer reviewer’s conclusion the treatment, testing, and medical equipment were not medically necessary. (Mosad Med., P.C. v Praetorian Ins. Co., 33 Misc 3d 131 [A], 2011 NY Slip Op *297 51876[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Neomy Med., P.C. v GEICO Ins. Co., 32 Misc 3d 137[A], 2011 NY Slip Op 51532[U] [App Term, 2d, 11th & 13th Jud Dists 2011].)
If the defendant tenders such proof, the plaintiff must submit an affidavit from a health care provider that meaningfully refers to and rebuts the conclusions contained in the peer review report. (Bath Med. Supply, Inc. v New York Cent. Mut. Fire Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50189[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Vincent Med. Servs., P.C. v GEICO Ins. Co., 29 Misc 3d 141[A], 2010 NY Slip Op 52153[U] [App Term, 2d, 11th & 13th Jud Dists 2010].)
CPLR 3212 (f) permits the court to deny a motion for summary judgment if facts essential to justify opposition may exist but cannot be stated. A motion for summary judgment must be denied where the party opposing the motion has not had a reasonable opportunity to conduct discovery before the motion was made. (James v Aircraft Serv. Intl. Group, 84 AD3d 1026 [2d Dept 2011].)
A party opposing a motion for summary judgment based upon the need for additional discovery must establish the additional discovery might lead to relevant evidence or facts essential to the opposition are within the exclusive control of the defendant. (Davis v Rochdale Vil., Inc., 83 AD3d 991 [2d Dept 2011].)
In this case, the plaintiff has established that it has not had a meaningful opportunity to conduct and obtain discovery. Plaintiff served a demand for interrogatories and a document demand upon defendant on March 16, 2011. Defendant did not respond or object to either the demand for interrogatories or the document demand. Rather than responding to plaintiffs discovery demands, defendant moved for summary judgment.
One of the items demanded in plaintiffs document demand is the no-fault file. The defendant’s no-fault file should contain the medical reports and records Dr. Csillag reviewed in preparing the peer review report. The no-fault file may also contain other medical reports and records not reviewed by Dr. Csillag. This material is exclusively in the possession of the defendant.
These medical reports when reviewed by another health care professional might provide plaintiff with the information needed to oppose defendant’s summary judgment motion by providing an affidavit or affirmation from a health care provider that meaningfully refers to and rebuts the opinions expressed and conclusion reached by the peer reviewer. Plaintiff could also use *298 the information contained in the no-fault file to establish there are errors or shortcomings in the peer review report. (Novacare Med. P.C. v Travelers Prop. Cas. Ins. Co., 31 Misc 3d 1205[A], 2011 NY Slip Op 50500[U] [Nassau Dist Ct 2011].)
This motion raises significant questions regarding the proof a defendant must present to the court when moving for summary judgment in an action brought to recover first-party no-fault benefits where the motion is based upon a peer review report that found the treatment provided, the testing performed or the medical supplies furnished were not medically necessary. More specifically, this motion raises issues regarding the factual basis for the peer reviewer’s medical rationale.
Dr. Csillag, the peer reviewer, submitted a sworn-to peer review report that states he reviewed various medical reports and records and the prescription for durable medical equipment in issue. He summarizes the medical findings contained in those reports and records including the diagnoses of injuries sustained by James. Based upon these facts, Dr. Csillag offers his opinion the medical supplies were not medically necessary for the treatment of the injuries James sustained. Praetorian denied plaintiff’s claim based upon Dr. Csillag’s opinion the medical supplies were not medically necessary for the treatment of the injuries James sustained.
The court was not provided with any of the material Dr. Csillag reviewed because the medical reports and records and other material reviewed by the peer review doctor “are not part of defendant’s prima facie showing.” (Active Imaging, P.C. v Progressive Northeastern Ins. Co., 29 Misc 3d 130[A], 2010 NY Slip Op 51842DJ], *2 [App Term, 2d, 11th & 13th Jud Dists 2010].)
A party moving for summary judgment must tender evidentiary proof in admissible form establishing an entitlement to judgment as a matter of law. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980].)
A no-fault insurance carrier is required to pay all necessary medical expenses incurred by a party injured in a motor vehicle accident, “provided that within one year after the date of the accident causing the injury it is ascertainable that further ex *299 penses may be incurred as a result of the injury” (Insurance Law § 5102 [a] [1] [iv]).[1]
The term “necessary [medical] expenses” is not defined by the Insurance Law (article 51) or the no-fault regulations (11 NYCRR part 65).
The courts have struggled to find a workable definition of the term “medical necessity.” (See CityWide Social Work & Psychological Servs. v Travelers Indem. Co., 3 Misc 3d 608, 615 [Civ Ct, Kings County 2004].)
While the term medically necessary is regularly used in the appellate decisions involving actions to recover first-party no-fault benefits, the appellate courts have never provided a definition for this term. Thus, the most workable definition of medical necessity is those practices that are in accordance with generally accepted medical standards. (Id.)
In this case in order to determine if the medical supplies and equipment provided to James by Total were medically necessary, the court must determine whether a reasonably prudent chiropractor would under similar circumstances have prescribed these medical devices for James. (Taormina v Goodman, 63 AD2d 1018 [2d Dept 1978].)
In order to obtain summary judgment based upon a peer review report that finds the treatment, testing and/or medical supplies were not medically necessary, the defendant insurer must provide the court with a sworn or affirmed peer review report establishing a factual basis and a medical rationale for the conclusion that the treatment, testing and/or supplies were not medically necessary. (Alfa Med. Supplies, Inc. v Auto One Ins. Co., 33 Misc 3d 128[A], 2011 NY Slip Op 51851[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; MSSA Corp. v Redland Ins. Co., 32 Misc 3d 141[A], 2011 NY Slip Op 51606[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Five Boro Psychological Servs., P.C. v Utica Mut. Ins. Co., 31 Misc 3d 150[A], 2011 NY Slip Op 51119[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Elmont Open MRI & Diagnostic Radiology, P.C. v Travelers Indem. Co., 30 Misc 3d 126[A], 2010 NY Slip Op 52223[U] [App Term, 9th & 10th Jud Dists 2010].)
The first issue the court must confront when deciding a motion for summary judgment based upon a peer review is the “factual basis” of the peer reviewer’s factual basis.
*300 The peer reviewer does not have first hand or personal knowledge of the injured party’s complaints, injuries and/or treatment. The peer reviewer has not examined or spoken to the injured party. The peer reviewer’s knowledge of the injured party’s complaints, injuries and treatment is based upon the information contained in the medical reports and records and other documents provided by the insurer.
All of this material and the information reviewed by the peer reviewer and upon which the peer reviewer based his or her conclusion is inadmissible hearsay. (Prince, Richardson on Evidence § 8-101 [Farrell 11th ed].)[2]
The no-fault claim form and the material submitted by the assignee are not admissible in evidence unless the party seeking their admission into evidence establishes the documents are business records. (Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2d Dept 2008]; New York Hosp. Med. Ctr. of Queens v Statewide Ins. Co., 33 Misc 3d 130[A], 2011 NY Slip. Op 51863[U] [App Term, 9th & 10th Jud Dists 2011].) Medical records of the other health care professionals reviewed by the peer reviewer would be admissible in evidence if the party seeking their admission establishes the documents are business records. (Wilson v Bodian, 130 AD2d 221 [2d Dept 1987].)
Reports of health care providers prepared for litigation are not admissible in evidence. (Id.; Carter v Rivera, 24 Misc 3d 920 [Sup Ct, Kings County 2009].)
What constitutes good and accepted chiropractic practice is generally beyond the knowledge of the average layperson. (De Long v County of Erie, 60 NY2d 296 [1983]; CityWide Social Work & Psychological Servs. v Travelers Indem. Co., supra.) The court must rely upon the opinion expressed by the peer reviewer to determine whether the services in question are medically necessary.
Before an expert witness is permitted to offer an opinion, the witness must be qualified as an expert. (Price v New York City Hous. Auth., 92 NY2d 553 [1998]; Caprara v Chrysler Corp., 52 NY2d 114 [1981], rearg denied 52 NY2d 1073 [1981]; Meiselman v Crown Hgts. Hosp., 285 NY 389 [1941].) To qualify as an expert, the witness must possess “the requisite skill, training, *301 education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable.” (Matott v Ward, 48 NY2d 455, 459 [1979] [citations omitted]; de Hernandez v Lutheran Med. Ctr., 46 AD3d 517 [2d Dept 2007].) Therefore, before the court can consider the opinion, the party whose opinion is being relied upon must be qualified as an expert. (Machac v Anderson, 261 AD2d 811 [3d Dept 1999].) Simply stating one is a licensed professional is not sufficient to establish the peer reviewer is an expert. (See Mustello v Berg, 44 AD3d 1018 [2d Dept 2007]; Postlethwaite v United Health Servs. Hosps., 5 AD3d 892 [3d Dept 2004].) In this case, defendant offered no evidence qualifying Dr. Csillag as an expert.
An opinion must be based upon facts in the record or facts personally known to the witness. (Prince, Richardson on Evidence § 7-308 [Farrell 11th ed].) “An expert may not reach a conclusion by assuming material facts not supported by the evidence and may not guess or speculate in drawing a conclusion (Interstate Cigar Co. v Dynaire Corp., supra, at 700).” (Nyon Sook Lee v Shields, 188 AD2d 637, 639 [2d Dept 1992].) The court questions how it can determine the validity of the peer reviewer’s medical rationale since it is based upon material not in the record and material that would be inadmissible at trial as hearsay. (See Urban Radiology, P.C. v Tri-State Consumer Ins. Co., 27 Misc 3d 140[A], 2010 NY Slip Op 50987[U] [App Term, 2d, 11th & 13th Jud Dists 2010].) The peer reviewer is not using the medical records reviewed in preparing a peer review for the truth of the material contained in those records.
A peer reviewer may use this material to render an opinion provided it is professionally reliable, meaning that it is the type of material “accepted in the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability.” (Wagman v Bradshaw, 292 AD2d 84, 87 [2d Dept 2002].) Nothing in the peer review report submitted in this matter establishes the material relied upon by the peer reviewer was material generally accepted in the profession as a basis for forming an opinion or the out-of-court material is accompanied by evidence establishing its reliability.
If the peer review report is based solely upon material that would be inadmissible as hearsay, then the peer review report does not have a factual basis based upon evidentiary material in admissible form. If the peer reviewer is relying upon this hearsay material for his or her medical rationale, then the *302 opinion contained in the peer review report cannot be the basis for a grant of summary judgment because it is not based upon facts contained in the record.
Plaintiff cannot determine without those medical reports and records whether the peer review report accurately presents the nature and extent of the claimant’s injuries or treatment without reviewing those records. Without giving the plaintiff the opportunity to obtain and review the full no-fault file, the court cannot determine whether there is material available that would contradict or question the peer reviewer’s opinion. (See Novacare Med. P.C. v Travelers Prop. Cas. Ins. Co., supra.)
Accordingly, defendant’s motion for summary judgment is denied without prejudice with leave to renew upon the completion of discovery. Plaintiffs cross motion to compel defendant to comply with its discovery demands is granted. Defendant shall serve answers to plaintiffs demand for interrogatories and shall serve a response to plaintiffs document demand within 45 days of service of a copy of this order with notice of entry.

. An insurer is not required to pay no-fault benefits if the motor vehicle is not required to carry insurance or if the accident arises from the use and operation of a motorcycle. (Insurance Law § 5102 [f].)

. Hearsay issues do not generally arise at trial since the attorneys for the parties generally stipulate to the admissibility of the peer review report and the medical reports and records reviewed by peer reviewer.